**C. M. McCLUNG & CO. v.
UNITED STATES.**

No. 44738.

Court of Claims.

Nov. 12, 1940.

George E. H. Goodner, of Washington, D. C. (Scott P. Crampton, of Washington, D. C., on the briefs), for plaintiff.

Hubert L. Will, of Washington, D. C., and Samuel O. Clark, Jr., Asst. Atty. Gen. (Robert N. Anderson, Fred K. Dyar, and Guy Patten, all of Washington, D. C., on the brief), for defendant.

Before WHALEY, Chief Justice, and L I T T L E T O N, W H I T A K E R, and GREEN, Judges.

WHITAKER, Judge.

This is a suit to recover floor stocks tax. The principal issue raised is whether or not the plaintiff has shown that it bore the burden of the amount of the tax. This is the only question we think it necessary to consider.

Section 902 of the Revenue Act of 1936, 49 Stat. 1648, 1747, 7 U.S.C.A. § 644, provides in part as follows:

"No refund shall be made or allowed * * * of any amount paid by or collected from any claimant as tax under the Agricultural Adjustment Act [chapter], unless the claimant establishes * * * to the satisfaction of the trial court * * *—

"(a) That he bore the burden of such amount and has not been relieved thereof nor reimbursed therefor nor shifted such burden, directly or indirectly, (1) through inclusion of such amount by the claimant * * * in the price of any article with respect to which a tax was imposed under the provisions of such Act [this chapter], * * * or (3) in any manner whatsoever; * * *."

We think it clear from a reading of this section that plaintiff must show as a prerequisite to recovery that it bore the burden of the amount of the tax and has not shifted that burden directly or indirectly. Plaintiff must not only show that it did not pass the tax on as a tax, but it must go further and show that it did not recoup the amount of the tax by adding it to the price of the goods sold or in any other way.

The cases of Ismert-Hincke Milling Co. v. United States, 90 Ct.Cl. 27; Lash's Products Co. v. United States, 278 U.S. 175, 49 S.Ct. 100, 73 L.Ed. 251; Continental Baking Co. v. Suckow Milling Co., 7 Cir., 101 F.2d 337; Casey Jones, Inc., v. Texas Textile Mills, 5 Cir., 87 F.2d 454; Johnson v. Scott County Milling Co., D.C., 21 F.Supp. 847; Oswald Jaeger Baking Co. v. Commissioner, 7 Cir., 108 F.2d 375; and the other cases cited in plaintiff's supplemental brief on this question are not in point. In none of those cases was there involved the question here presented. In the Ismert-Hincke Milling Co. case, supra, there was no question as to whether or not the burden of the tax had been passed on; it was conceded that it had been. So in the cases of Continental Baking Co. v. Suckow Milling Co., supra, and Casey Jones, Inc., v. Texas Textile Mills, supra. In the case of Lash's Products Company, supra, the purchase price of the goods included the tax, but the court held that the seller had not "passed the tax on," that what the purchaser had paid was nothing more than the price of the goods to him, and that he had not paid the tax, although the tax was included in the purchase price. The question here, however, is not who paid the floor stocks tax, but whether or not the plaintiff passed on the amount of the tax. If the plaintiff included the amount of the tax in the selling price of its articles, it passed on the amount of it, whether or not it passed on the tax itself. While the seller would still be the taxpayer, and while only it and it alone had paid the tax, nevertheless it would have passed on the amount of the tax if it included it in the selling price of the goods. In no case cited by the plaintiff has the court taken a contrary position.

In Biermann v. Shea, D.C., 28 F.Supp. 213, and Duradene Co., Inc. v. Magruder, D.C., 21 F.Supp. 426, cited by plaintiff, the issue was whether or not the plaintiff had successfully carried the burden of showing that he had not included the tax in the price of the articles sold. There is no statement in either of these cases or in the others cited by plaintiff in conflict with what we have said above.

The Act requires the plaintiff to establish the fact that it did not pass on the burden of the amount of the tax, "to the satisfaction of the trial court." The plaintiff's testimony does not establish this to our satisfaction. Briefly, it is this:

466

In the selling price of the articles on hand on August 1, 1933, to which the floor stocks tax applied, there was not included any amount for or on account of the floor stocks tax until additional merchandise was purchased to replenish the stock sold. But when additional purchases were made, the plaintiff does not deny that it paid for them an amount which included processing taxes, which taxes were equal in amount to the floor stocks taxes. In fixing its selling price plaintiff added to the cost to it of the merchandise purchased 17 percent to cover operating expenses and profit. Therefore, as to the articles purchased after August 1, 1933, the plaintiff passed on to its customers the amount of this processing tax by adding its customary write-up of 17 percent.

The testimony further shows that the articles which had been on hand on August 1, 1933, and which were still on hand after the new purchases were made, were sold at the same price at which the new purchases were sold. Therefore, as to the amount on hand when the new purchases were made, the plaintiff did pass on the amount of the floor stocks tax to its customers, the floor stocks tax and the processing tax being the same in amount.

Just what amount of the August 1, 1933, inventory was still on hand when the new purchases were made plaintiff is unable to show. Presumably new purchases were not made until the stock got low, but how low plaintiff is unable to show. Plaintiff has carried the burden placed on it by the Act only to the extent of showing that some of its August 1, 1933, inventory was not sold at prices which included the amount of the floor stocks tax, but its testimony shows that some of it was sold at a price which included the amount of this tax.

Had plaintiff retained its sales records it would have been able to show precisely what amount of the August 1, 1933, inventory had been sold at a price which included the amount of the tax and the amount that had been sold without including the amount of it, but unfortunately this the plaintiff could not do. The impossibility of its making out a case is·not an inherent one, but one arising from its own destruction of its records.

The plaintiff has not carried the burden placed on it by the Act and it is therefore · not entitled to recover. Its . petition is therefore dismissed. It is so ordered.