## LANDRUM et al. v. COMMISSIONER OF INTERNAL REVENUE.

### No. 518, Original.

Circuit Court of Appeals, Eighth Circuit.

Oct. 22, 1941.

Geo. E. H. Goodner, of Washington, D. C. (Helen Goodner, of Washington, D. C., on the brief), for petitioners.

F. E. Youngman, Sp. Asst. to Atty. Gen. (Samuel O. Clark, Jr., Asst. Atty. Gen., and J. Louis Monarch, Sp. Asst. to Atty. Gen., on the brief), for respondent.

Before SANBORN and JOHNSEN, Circuit Judges, and NORDBYE, District Judge.

SANBORN, Circuit Judge.

The controlling question presented by this petition for review of an order of the United States Processing Tax Board of Review is whether the amended claim of petitioners for a refund of moneys paid as processing taxes on corn by the Wilson Milling Company (a dissolved corporation, of which petitioners are trustees in liquidation), under the Agricultural Adjustment Act (held to be unconstitutional in United States v. Butler, 297 U.S. 1, 56 S.Ct. 312, 80 L.Ed. 477, 102 A.L.R. 914), was sufficient to entitle the petitioners to a review by the Board of the order of the Commissioner disallowing their claim for refund and to invoke a hearing before the Board on the merits of the claim.

The amended claim for refund, filed by petitioners on June 27, 1939, was on P.T. Form 79. It showed that the amount claimed was $6,053.41. It contained the sworn statement called for by the form, to

the effect that the date of each payment was as shown by Schedule A; that the amounts of processing tax refunds were as shown in Schedules B and C; that the amount of processing tax borne by the petitioners and not shifted was as set forth; that the data and statements made a part of Schedule D were true and correct; that the amounts of processing tax shown in column 3 and Schedule E as having been passed on and repaid were unconditionally repaid to vendees who bore the burden of the tax and did not shift it; that no other claim had been filed by petitioners for a refund of any part of the claim; and that petitioners were entitled to payment of the claim. Schedule A, which called for the month, year and amount of tax payments, was filled out. Schedules B and C, which called for the amounts of refunds, were not filled out, presumably because there had been no refunds. Schedule D called for the computation and comparison of the average margin (being the gross sales value of the commodity processed less the cost of the commodity and the amount of the processing tax paid) before, during and after the tax period, to indicate whether the burden of the taxes for which claim was made had been borne, and had not been shifted, by the petitioners. No information called for by Schedule D was furnished. Schedule E was not filled out, presumably because the petitioners had made no refunds of processing taxes to vendees. Adjacent to the signatures of the petitioners on the first page of the claim was the notation: "See statement attached." The statement attached read as follows:

"On June 26, 1937, taxpayer filed with the Collector for Arkansas a claim for refund of $6,053.41 of the so-called processing taxes paid by it on the processing of corn under the provisions of the Agricultural Adjustment Act. Said claim is now under consideration by the Commissioner of Internal Revenue.

. "This amended claim is now filed, in the light of recent court decisions, demanding refund or repayment of the total tax or amount paid, together with interest as provided by law. The amount claimed was exacted and collected from taxpayer illegally because the Agricultural Adjustment Act has been held unconstitutional, null, and void. Taxpayer bore the burden of the so-called tax and did not pass any part of it on to its vendees and has not been reimbursed for any part of it in any manner. The data called for in Schedule D of this claim form is not available to taxpayer. If further proof should be required to prove that taxpayer bore the burden of the so-called tax and it should appear that taxpayer is unable to furnish such proof, then taxpayer alleges that the conditions prescribed for refund of the so-called tax in Title VII of the Revenue Act of 1936 are unconstitutional, null, and void.

"This claim should also be considered as a new claim and demand for repayment of the so-called tax exacted and collected from taxpayer on the ground of money illegally had and received from taxpayer and, therefore, held in trust for taxpayer subject to its demand."

On May 23, 1940, the Commissioner, in a letter disallowing petitioners' claim for refund, stated: "Your claim does not contain margins computed in accordance with section 907 of the Act [7 U.S.C.A. § 649] and Article 605 of Regulations 96 issued pursuant thereto, nor has any other evidence been submitted establishing that you bore the burden of the tax as required by section 902 of the Act [7 U.S.C.A. § 644] and Article 606 of Regulations 96. You have not filed a true and complete claim in accordance with the regulations prescribed by the Commissioner as required by section 903 of the Act [7 U.S.C.A. § 645] and Article 202 of Regulations 96. Therefore, as your claim does not comply with the provisions of Title VII of the Revenue Act of 1936 and Regulations 96 issued pursuant thereto, such claim for refund is hereby disallowed in full."

The petitioners filed a timely petition for review with the Processing Tax Board of Review, and requested a hearing upon the merits of their claim. The Commissioner moved to dismiss the proceeding before the Board on the grounds: (1) That the petition disclosed that petitioners had failed to comply with the provisions of Sections 902 and 903 of the Revenue Act of 1936, 49 Stat. 1747, 7 U.S.C.A. §§ 644, 645; (2) that the petition showed that the claim for refund filed did not comply with the requirements of Section 903 of the Revenue Act of 1936, 49 Stat. 1747, as amended by Section 405 of the Revenue Act of 1939, 53 Stat. 884, and the regulations promulgated thereunder·; and (3)

that the petition disclosed that the claim did not meet the requirements of Article 605 of Treasury Regulations 96.

The Board granted the motion to dismiss, for the reason that the claim for refund did not comply with the requirements of Title VII of the Revenue Act of 1936, § 901 et seq., and the Treasury Regulations promulgated thereunder. The Board cited as authority for its action the decision of this Court in Lee Wilson & Co. v. Commissioner, 8 Cir., 111 F.2d 313. Three members of the Board dissented.

The claim for refund as originally filed by the Wilson Milling Company was identical in form and substance with the claim held to be fatally defective in Lee Wilson & Co. v. Commissioner, supra. The petitioners contend that their amended claim, however, is in accordance with the applicable statutes and regulations and contains all the essentials of a valid claim. The Commissioner contends that it does not differ substantially from the claim held defective by this Court in the Lee Wilson & Co. case and the claim found insufficient by the United States Circuit Court of Appeals of the Sixth Circuit in Tennessee Consolidated Coal Co. v. Commissioner of Internal Revenue, 117 F.2d 452, and that the case at bar is clearly ruled by those cases.

Since the applicable statutory provisions, regulations and rules of law are all contained in the opinion of this Court in Lee Wilson & Co. v. Commissioner, supra, it is not necessary to again set them out, and we shall confine ourselves to a comparison of the claim for refund here under consideration with that which was held insufficient in that case.

The claim for refund in the Lee Wilson & Co. case did not contain paragraph 4 of the sworn statement to the effect that the petitioner had borne the burden of the tax and had not shifted it or been reimbursed for it. The amended claim of the petitioners here did contain paragraph 4. Neither the claim of Lee Wilson & Co. nor the amended claim of the petitioners contained the margin data called for by Schedule D of the form or any other equivalent data or evidence to support their assertion that the taxpayer had borne the burden of the taxes, refund of which was sought, and had not shifted the taxes or been reimbursed for them. The statement which was attached to the Lee Wilson & Co. claim read as follows (page 317 of 111 F.2d):

"It is impossible to determine and prove how much of the tax, if any, was not absorbed by claimant and claimant believes and therefore asserts that it absorbed all the tax.

"Claimant demands refund of the entire amount paid because the Supreme Court has held that it was illegally assessed and collected and because any attempt to condition or restrict the refund thereof, by requiring proof that the tax was absorbed by the claimant, is unconstitutional and void."

The difference, then, between the two claims is this: Lee Wilson & Co. did not assert under oath that it had borne the burden of the tax and had not shifted it or been reimbursed for it, while the petitioners here did so assert in their claim. Lee Wilson & Co. in the statement attached to its claim asserted that it was impossible to prove how much of the tax was not absorbed by it, and that it believed and asserted that it absorbed the entire tax. Petitioners here in their statement said that the data called for in Schedule D of the claim form was not available to them.

While, so far as assertions are concerned, the claim of the petitioners is no doubt a better claim than that considered in the Lee Wilson & Co. case, it is subject to the same infirmity which is referred to in both the Lee Wilson & Co. case and the case of Tennessee Consolidated Coal Co. v. Commissioner, supra, which is that it was not accompanied by a statement of evidence or evidentiary facts which would have enabled the Commissioner to determine the merits of petitioners' claimed right to a refund under Section 902 of the Revenue Act of 1936. It was ruled in the Lee Wilson & Co. case that in connection with a claim for refund of processing taxes, there must be set forth, in accordance with the regulations prescribed by the Commissioner, evidence sufficient to establish "to the satisfaction of the Commissioner * * *, of the trial court, or the Board of Review" that the taxpayer bore the burden of the tax as prescribed by the statute (page 318 of 111 F.2d). It was also ruled in that case that a claim for refund which fails to meet the statutory requirements and has properly been disallowed by the

Commissioner as defective, leaves the Board of Review without jurisdiction to grant a refund, and that in such a situation a dismissal by the Board of a petition for review is proper (page 318 of 111 F.2d).

 The petitioners assert that the Commissioner may not impose upon a taxpayer who has no records, or whose records are destroyed, the impossible burden of furnishing margin data as required by Schedule D. This question appears to have been ruled adversely to petitioners by this Court in the Lee Wilson Co. case (page 318 of 111 F.2d). In any event, we think that it is not presented in this case, for the reason that petitioners' statement that such data is not available is a mere assertion, conclusion or inference, unsupported by evidence or by a statement of evidentiary facts and unaccompanied by any showing that the petitioners have any competent evidence of any kind with which to substantiate their claim that the Wilson Milling Company has borne the burden of the tax, has not shifted it, and has not been reimbursed for it. Compare Tennessee Consolidated Coal Co. v. Commissioner, supra, page 454 of 117 F.2d.

Our conclusion is that the Board did not err in dismissing the petition for review. Its order is affirmed.