**BETHLEHEM BAKING CO. v.
UNITED STATES.**

No. 7880.

Circuit Court of Appeals, Third Circuit.

Argued February 6, 1942.

Decided June 26, 1942.

Frederic G. Rita, Sp. Asst. to Atty. Gen. (Samuel O. Clark, Jr., Asst. Atty. Gen., J. Louis Monarch, Sp. Asst. to the Atty. Gen., and Gerald A. Gleeson, U. S. Atty. and Thomas J. Curtin, Asst. U. S. Atty., both of Philadelphia, Pa., on the brief), for appellant.

C. Tracy Taylor, of Philadelphia, Pa. (Herbert G. Marvin and Kenneth Souser, both of Philadelphia, Pa., on the brief), for appellee.

Before MARIS, JONES, and GOOD-RICH, Circuit Judges.

JONES, Circuit Judge.

The principal question in this case is whether the matter submitted by the plaintiff taxpayer to the Commissioner of Internal Revenue in support of a claim for refund of taxes paid under the Agricultural Adjustment Act of 1933, 7 U.S.C.A. § 601 et seq., complied sufficiently with the requirements of Title VII, § 902, of the Revenue Act of 1936, c. 690, 49 Stat. 1648, 7 U.S.C.A. § 644 (providing for refund of such taxes), so as to preserve the plaintiff's standing to sue for the refund following the Commissioner's disallowance of the claim.

The appellant raises a further question as to whether the proofs adduced by the plaintiff at trial were sufficient to warrant the trial court (the case was tried without a jury) in finding that the plaintiff bore the burden of the taxes for which refund is claimed and that the taxpayer had not been relieved thereof or reimbursed therefor and had not shifted the burden, either directly or indirectly, to others.

■ The trial court found that the plaintiff consumed in the manufacture of its bakery products, within three weeks after payment of the taxes,[1] the flour upon which the taxes had been imposed and that it did not increase the price nor alter the per unit weight of its products made therefrom. As there is sufficient evidence to support the trial court's findings, we are without power to interfere with them upon appeal. Certainly they are not clear-ly erroneous. Rule 52(a) of the Federal Rules of Civil Procedure, 28 U.S.C.A. following section 723c. See Kuhn v. Princess Lida of Thurn & Taxis, 3 Cir., 119 F.2d 704, 705. In addition to these specific findings there is uncontradicted testimony that the plaintiff did not reduce the wages of its employees during the material period. Nor was there anything shown which would indicate that the plaintiff's maintenance of the price and weight of its products, despite the tax, was brought about by adulteration of quality or similar compensating artifice. In the light of the record, the findings are dispositive of the appellant's contention as to the shifting of the tax. The appellant's argument on the facts as to whether the plaintiff bore the burden of the particular taxes exclusively proceeds upon the assumption that the analysis of costs of flour submitted by the taxpayer was erroneous. The evidence does not justify the assumption and it was not error for the trial court to accredit the plaintiff's evidence.

The question as to the jurisdiction of the court to entertain the plaintiff's suit for refund under the circumstances shown requires reference to the action taken by the taxpayer and the Commissioner with respect to the claim and also to the terms and provisions of the pertinent statutes.

■ On August 4, 1933, the Bethlehem Baking Company, a processor of flour, paid to the Collector of Internal Revenue a tax under the Agricultural Adjustment Act on floor stocks of flour in its possession on July 9, 1933, the date upon which the tax attached under the statute. The taxing provisions of the Agricultural Adjustment Act were later held by the Supreme Court to be unconstitutional and void. United States v. Butler, 297 U.S. 1, 56 S.Ct. 312, 80 L.Ed. 477, 102 A.L.R. 914. Thereafter Congress enacted Title VII, §§ 901–907 of the Revenue Act of 1936, 7 U.S.C.A. §§ 623 note, 644–649, providing for the refund of taxes which had been levied and collected under the Agricultural Adjustment Act. In order to prevent unjust enrichment by way of refund to anyone who, having paid the tax, had shifted the burden thereof to others, Congress imposed as a condition to refund that the claimant establish to the satisfaction of the Com-

---

[1] This was evidently intended to mean within three weeks of the effective date of the processing tax (July 9, 1933) as the uncontradicted evidence had shown. The taxes were not paid until August 4, 1933.

missioner that he had borne the burden of the tax.[2] The validity of this condition has been sustained. Anniston Mfg. Co. v. Davis, 301 U.S. 337, 57 S.Ct. 816, 81 L.Ed. 1143.

The Baking Company filed with the Collector on June 28, 1937, upon the form prescribed by the Commissioner, a claim for refund for the amount of the processing tax which it had paid. The claim, which was filed timely (see § 903 of the Revenue Act of 1936), was based upon the claimant's assertion that it had borne the entire burden of the tax. The Commissioner advised the claimant by letter that the evidence submitted by the claimant was insufficient to establish that it had borne the burden of the tax and that it would be necessary for the claimant to submit additional evidence. Thereafter the claimant submitted an analysis of costs for periods prior to and subsequent to the effective date of the tax and for periods during which the taxes were in effect. It does not appear that this analysis was under oath. However the Commissioner did not reject the additional evidence on that ground, for by letter acknowledging his receipt of the analysis he wrote the claimant that "This evidence is inadequate as it does not contain any information concerning the bakery products made or the prices charged for such products before or after the effective date of the floor stock tax, July 9, 1933." After some further correspondence between the claimant and the Commissioner the latter on December 12, 1938, rejected the claim for refund in its entirety.

The plaintiff brought suit in the District Court to recover the amount of the tax on December 2, 1940, which was within the time prescribed by § 904 of the Act. To the complaint filed by the plaintiff, the government filed an answer on the merits. It is the defendant's contention that the plaintiff is without standing to maintain the action because it did not establish its claim to the satisfaction of the Commissioner and "all the evidence relied upon in support of such claim" was not clearly set forth under oath as contemplated by the statute. As we have already stated, the Commissioner did not reject the claim because the evidence submitted in support thereof was not under oath. The case, therefore, in substance comes down to the question whether the establishment of a claim "to the satisfaction of the Commissioner" is a prerequisite to a suit by the taxpayer for refund where the Commissioner has rejected the claim. There is an incidental question whether, in such a suit, the claimant in endeavoring to establish his case to the satisfaction of the court is limited to the evidence which he submitted to the Commissioner.

The decision of the Supreme Court in United States v. Jefferson Electric Co., 291 U.S. 386, 54 S.Ct. 443, 78 L.Ed. 859, seems to us to rule the principal question with which we are presently concerned. The Jefferson Electric case involved a claim for refund of excise taxes alleged to have been erroneously and illegally assessed and collected under certain Revenue Act[3] on sales of articles regarded by

[2] § 902 of the Revenue Act of 1936, 26 U.S.C.A. Int.Rev.Acts, p. 960, 7 U.S.C.A. § 644, provided in part here material that,—

"No refund shall be made or allowed, in pursuance of court decisions or otherwise, of any amount paid by or collected from any claimant as tax under the Agricultural Adjustment Act, unless the claimant establishes to the satisfaction of the Commissioner in accordance with regulations prescribed by him, with the approval of the Secretary, or to the satisfaction of the trial court, or the Board of Review in cases provided for under section 906, as the case may be—

"(a) That he bore the burden of such amount and has not been relieved thereof nor reimbursed therefor nor shifted such burden, directly or indirectly, (1) through inclusion of such amount by the claimant, or by any person directly or indirect-

ly under his control, or having control over him, or subject to the same common control, in the price of any article with respect to which a tax was imposed under the provisions of such Act, or in the price of any article processed from any commodity with respect to which a tax was imposed under such Act, or in any charge or fee for services or processing; (2) through reduction of the price paid for any such commodity; or (3) in any manner whatsoever; and that no understanding or agreement, written or oral, exists whereby he may be relieved of the burden of such amount, be reimbursed therefor, or may shift the burden thereof; * * *."

[3] Revenue Act of 1918, § 900(3), 40 Stat. 1122; Revenue Act of 1921, § 900 (3), 42 Stat. 291; and Revenue Act of 1924, § 600(3), 26 U.S.C.A. Int.Rev.Acts, page 93.

the tax officials as automobile parts and accessories. Timely application for refund was made on the ground that the articles were not automobile parts or accessories within the meaning of the applicable revenue laws. In each instance the authority of the court to entertain the suit and the claimant's right to recover were challenged on the ground that the claimant had not established "to the satisfaction of the Commissioner" that it had borne the tax, as required by § 424(a) (2) of the Revenue Act of 1928, 26 U.S.C.A. Int.Rev.Acts, page 443. The requirement in the Revenue Act of 1928 in such regard is substantially the requirement of § 902 of the Revenue Act of 1936 with which we are here concerned.

The Supreme Court held in the Jefferson Electric case, 291 U.S. pages 394, 395, 54 S.Ct. page 446, 78 L.Ed. 859, that the requirement in § 424(a) (2) of the Revenue Act of 1928 that a claimant establish to the satisfaction of the Commissioner that he bore the burden of the tax neither cut off "the right of a taxpayer to sue for a refund after applying unsuccessfully to the Commissioner nor [abrogated] the authority of the courts to entertain the suit." After reviewing three lines of decisions, the Supreme Court expressly approved the line which regards "the subdivision as making this substantive limitation [proof to the satisfaction of the Commissioner that the claimant bore the tax] an element of the right to a refund of such taxes, and therefore as requiring that this element, like others, be satisfactorily established in any proceedings where an asserted right to a refund is presented for examination and determination, whether the proceeding be before the Commissioner or be a suit brought after an application to him has been unavailing." The Supreme Court further said (291 U.S. pages 397, 398, 54 S. Ct. page 447, 78 L.Ed. 859) that it was only by inadmissible straining that the clause, "establish to the satisfaction of the Commissioner", could "be held to invest the Commissioner with absolute authority or discretion in respect of such refunds" and that "A more rational view is that it [the clause as to the satisfaction of the Commissioner] is largely admonitive and means that the additional element is not lightly to be inferred but to be established by proof which convinces in the sense of inducing belief." It was further pointed out (291 U.S. pages 398, 399, 54 S.Ct. page

447, 78 L.Ed. 859) that a similar condition, viz., "shown to the satisfaction of the Secretary of the Treasury" in a customs law of 1864 which had been in force many years, "was uniformly treated as neither investing the Secretary with final authority nor putting aside general provisions permitting suits for refunds, but as leaving the importer free, after an unavailing appeal to the Secretary, to sue under the general provisions and obtain a judicial reexamination of his claim." We can see no reason why § 902 of the Revenue Act of 1936 should not be likewise construed.

In § 903 of the Revenue Act of 1936 there is the additional provision that "All evidence relied upon in support of such claim shall be clearly set forth under oath." These words did not appear in the Revenue Act of 1928, which was the subject matter of the construction in the Jefferson Electric case, supra. Was the requirement in § 903 intended to impart finality to the decisions of the Commissioner with respect to claims for refund by limiting the evidence in support thereof, upon suit, to that submitted to the Commissioner or by withdrawing jurisdiction from the courts in such regard because the Commissioner was not satisfied that all evidence relied upon in support of the claim had been clearly set forth under oath? We think not. § 903 appears to be in furtherance of the administration of § 902. It indicates no legislative intent to give greater finality to the decisions of the administrative officer than did § 902 as construed in the light of the Jefferson Electric decision. Nor is any such intent, which might well deny to a taxpayer the right to maintain a suit for a meritorious claim where the Commissioner has erred, to be inferred. While it is the duty of a claimant to present a formal claim and to endeavor by sufficient proof to satisfy the Commissioner as to its merit, he should not be barred from presenting further evidence in support of the same claim in a suit for refund after rejection by the Commissioner. See Hutzler Bros. Co. v. United States, D.C.Md., 33 F.Supp. 801, 803. Moreover, as we have already pointed out, the Commissioner made no objection to the absence of an oath but responded with respect to the merit of the evidence submitted. The examination and consideration of the claim on its merits constituted a waiver by the Commissioner of any objection as to the form of the submission.

Cudahy Packing Co. v. United States, D. C.N.D.Ill., 37 F.Supp. 563, 570, reversed on other grounds 7 Cir., 126 F.2d 429.

The decisions by Circuit Courts of Appeals[4] upon which the appellant puts special reliance were made upon petitions for review of decisions of the United States Processing Tax Board of Review. The Board, having found that the claims there involved had not been sufficiently supported by evidence to satisfy the Commissioner, approved his rejections. On review in the Courts of Appeals, the question in each instance was merely whether the Board's competent findings justified its conclusions. In the instant case, which was a suit for refund, the matter was for the satisfaction of the court on the basis of the relevant proofs adduced at trial (see § 902). The trial court was satisfied that the plaintiff had borne the tax exclusively and that finding was supported by sufficient evidence.

The judgment of the District Court is affirmed.

---

[4] Lee Wilson & Co. v. Commissioner, 8 Cir., 123 F.2d 232; Landrum v. Commissioner, 8 Cir., 122 F.2d 857; Tennessee Consolidated Coal Co. v. Commissioner, 6 Cir., 117 F.2d 452; Lee Wilson & Co. v. Commissioner, 8 Cir., 111 F.2d 313.