**INSULAR SUGAR REFINING CORPORA-
TION v. UNITED STATES.**

No. 45062.

Court of Claims.

April 5, 1943.

J. Sterling Halstead, of New York City, for plaintiff.

Elizabeth B. Davis, of Washington, D. C., and Samuel O. Clark, Jr., Asst. Atty. Gen. (Robert N. Anderson and Fred K. Dyar, both of Washington, D. C., on the brief), for defendant.

Before WHALEY, Chief Justice, and LITTLETON, WHITAKER, and MADDEN, Judges.

WHITAKER, Judge.

This is a suit to recover floor stock taxes levied by the Agricultural Adjustment Act, 7 U.S.C.A. § 601 et seq., which Act was later declared unconstitutional by the Supreme Court of the United States in United States v. Butler, 297 U.S. 1, 56 S.Ct. 312, 80 L.Ed. 477, 102 A.L.R. 914.

Under the provisions of section 902 of the Revenue Act of 1936, c. 690, 49 Stat. 1648, 7 U.S.C.A. § 644, the plaintiff is entitled to recover the amount of such taxes paid, but only if it is able to carry the burden of showing that it "bore the burden of such amount and has not been relieved thereof nor reimbursed therefor nor shifted such burden, directly or indirectly * * *." The question presented is whether or not plaintiff's proof is sufficient to show this.

The plaintiff first says that it has shown that it bore the burden of the tax by showing that it sold its floor stock sugar at prices less than the June 7, 1934 market value thereof plus the tax. When the tax

became effective plaintiff added to the June 7, 1934 market price the amount of the tax, and for the month of June its Los Angeles office received this value plus the tax. Thereafter, that office received varying amounts less than this value plus the tax. Its Portland office failed to realize during the month of June the June 7, 1934 value plus tax, but it did get this price during the months of July, August, September, and October. Thereafter it received amounts less than this value plus the tax. The San Francisco office received the June 7, 1934 value plus tax in only two months, and the Seattle and Tacoma office received it in only four months; in other months those offices received less than this value plus tax.

■ This, however, is insufficient to show that plaintiff bore the burden of the tax. It falls short of a showing that the plaintiff did not recover its cost plus tax, which the Circuit Court of Appeals for the Sixth Circuit has held was sufficient to show it had borne the burden. United States v. Will T. Cheek, 126 F.2d 1; Colonial Milling Co. v. Commissioner, 132 F.2d 505. At plaintiff's request we have found as a fact that it was unable to show the cost of its floor stocks. Unless it shows at least that it has not recovered its costs plus tax, it has not sufficiently carried the burden of showing that it itself paid the tax and did not pass it on to its customers.

In the case of C. B. Cones & Son Mfg. Co. v. United States, 7 Cir., 123 F.2d 530, relied upon by plaintiff, the court held that plaintiff had carried the burden of showing that it had not passed the tax on, notwithstanding the fact that it had increased its selling cost on the date of the incidence of the tax by an amount more than sufficient to take care of the tax. It appeared in that case that there had been an increase in the market price of the plaintiff's raw materials from 8 cents a yard to 17 cents, including the processing and floor stock taxes of 2¼ cents a yard. Plaintiff increased the price of its finished product so as to take advantage of this increase in price of its raw material to the extent of 6¾ cents a yard. The court found it did not increase it by the additional 2¼ cents a yard, which was the amount of the floor stock tax. The court held that, since it was shown that plaintiff had not increased its price by the amount of the floor stock tax, but only by the increase in market value exclusive of this tax, it had borne the burden of showing that it had not passed the tax on.

That case, however, differs from the one at bar in that here it is expressly shown that plaintiff did increase its price by the amount of the tax, and got the increased price a part of the time, at least. It may or may not have continued to get the amount of the tax, depending upon whether or not the June 7, 1934 market value sufficiently exceeded the cost of its sugar plus operating and selling expenses. Whether or not this is so, we do not know.

The decision in the Cones case is not in harmony with the decisions in Luzier's, Inc. v. Nee, Collector of Internal Revenue, 8 Cir., 106 F.2d 130, and Honorbilt Products, Inc. v. Commissioner, 3 Cir., 119 F.2d 797, and in United States v. H. T. Poindexter & Sons Merchandise Co., 8 Cir., 128 F.2d 992, 994. In the latter case the respondent had increased the price of its merchandise coincident with the effective date of the tax. It showed, however, and the trial court found, that this increase was motivated by reasons other than passing the tax on, but, notwithstanding this, the Circuit Court of Appeals held that the plaintiff was not entitled to recover inasmuch as it had not shown "that the amount to which it increased its selling prices was insufficient to cover its former selling prices of the articles plus the amount of the tax assessed and paid in respect to them, or that it did not realize normal profits after the tax was paid." The court's holding is summarized in the following quotation: "But where they immediately increased their prices sufficiently to cover the former prices of the articles plus the amount of the tax, they manifestly shifted the burden to the customers."

In this case the plaintiff increased the price of its goods 53.9 cents coincident with the date the tax of 53.5 cents became effective. A part of the time it got this price. A part of the time it could not get it, but whether the price it did get was below cost plus tax, we do not know. We are of opinion that, in line with the above cited decisions of the Circuit Court of Appeals for the 6th Circuit in the Cheek and Colonial Milling Company cases, plaintiff must go this far, at least.

The plaintiff's second proposition is that it·could not have passed the tax on because during the period the tax was in effect it sustained a net loss of $56,783.09. Plaintiff in its brief does not negative the possibility, that this loss might have resulted from some extraordinary circumstance not connected·with the ordinary operation of the business, such as fire, shipwreck, etc., but an examination of the schedules filed showing its income and expenses for the period in question shows nothing to which this loss might be attributable other than a considerable decrease in the selling price of sugar and a considerable increase in the cost of goods sold, as well as a smaller increase in other operating expenses of the business.

However, the period within which plaintiff sustained this loss runs from October 1, 1934 to November 30, 1935. During this period plaintiff disposed of the remaining 212,847 bags of the floor stock on hand on June 8, 1934, whereas the total number of all bags sold throughout the period was 1,113,681. Whether or not the loss was sustained on these 212,847 bags or on the other bags sold, is not shown; nor is it shown that the loss was ratable.

All of plaintiff's floor stock on hand on June 8, 1934 had been disposed of by March 1935; but the period in which plaintiff realized the loss did not end until November 30, 1935, eight months later. Whether the loss occurred from October 1934 to March 1935, during which the floor stock was sold, or in the remaining eight months, plaintiff has not shown. Clearly such proof is not sufficient to show that plaintiff did not pass on the floor stock taxes which it sues to recover. Cf. McClung & Co. v. United States, 35 F.Supp. 464, 92 Ct.Cl. 275.

We are of the opinion that the plaintiff has not successfully carried the burden of showing that it itself bore the burden of the tax and did not pass it on to its customers. To say the least, it tried to pass it on; it has not shown that it did not succeed.

It results that plaintiff is not entitled to recover. Its petition will be dismissed. It is so ordered.

JONES, Judge, took no part in the decision of this case.