## INTERWOVEN STOCKING CO. v. UNITED STATES.

### No. 8607.

Circuit Court of Appeals, Third Circuit.
Argued June 22, 1944.
Decided Sept. 6, 1944.

Frederic G. Rita, of Washington, D.C. (Samuel O. Clark, Jr., Asst. Atty. Gen., Sewall Key, and A. F. Prescott, Sp. Assts. to Atty. Gen., and Thorn Lord, U.S. Atty., of Trenton, N.J., and Charles D. Hyman, Asst. U.S. Atty., of Atlantic City, N.J., on the brief), for appellant.

H. Maurice Fridlund, of New York City (Kirlin, Campbell, Hickox, Keating & Mc-Grann, of New York City, and Charles S. Cunningham, of Ossining, N.Y., on the brief), for appellee.

Before BRATTON* and McLAUGH-LIN, Circuit Judges, and KIRKPATRICK, District Judge.

BRATTON, Circuit Judge.

Aggrieved, the United States appealed from a judgment rendered against it in this action instituted by Interwoven Stocking Company to recover floor stock taxes levied and collected under the provisions of the Agricultural Adjustment Act, approved

---

* By assignment.

May 12, 1933, 48 Stat. 31, 7 U.S.C.A. § 601 et seq. The complaint contained three causes of action. The first was for taxes paid by plaintiff on hosiery processed chiefly from cotton, and in its inventory on August 1, 1933. The second was for taxes paid by The Interwoven Mills, Inc., on hosiery processed or to be processed chiefly from cotton, and in its inventory on August 1, 1933. And the third was for the combined total of the sums set forth in the first and second causes of action.

The taxing provisions of the Act, supra, were determined to be unconstitutional. United States v. Butler, 297 U.S. 1, 56 S.Ct. 312, 80 L.Ed. 477, 102 A.L.R. 914. Thereafter, it was provided by Section 902, Title VII, of the Revenue Act of 1936, 49 Stat. 1648, 1747, 7 U.S.C.A. § 644, that no refund shall be allowed unless the claimant establishes that he bore the burden of the tax, that he has not been reimbursed for it, and that he has not shifted it in any manner. It is contended that plaintiff was not entitled to the refund of the taxes paid by The Interwoven Mills, Inc., because that company could not have established that it had not shifted the burden. Plaintiff is engaged on a large scale in the manufacture and sale of men's hose. A single individual owns more than ninety-seven per cent of all its capital stock. At the time of the payment of the taxes in question, The Interwoven Mills, Inc., was the totally owned subsidiary of plaintiff. The subsidiary manufactured hose exclusively for plaintiff, and plaintiff sold and distributed only the product manufactured by the subsidiary. The subsidiary invoiced the product to plaintiff upon an estimated standard cost basis designed to yield neither gain nor loss to the subsidiary, and settlement was made accordingly. The amount of the floor stock taxes paid by the subsidiary was included in the estimated cost at which the product was invoiced to plaintiff, but the court found that plaintiff did not shift the burden in any manner. Plaintiff and the subsidiary maintained common offices. The owner of substantially all of the capital stock of plaintiff was the manager of both companies; and with few exceptions, they had the same officers and directors. Plaintiff completely dominated and controlled the subsidiary. The subsidiary was operated as the manufacturing department of the integrated organization. And after the payment of the taxes, the subsidiary was merged into plaintiff. It is conceded that by the merger plaintiff acquired whatever rights the subsidiary had to the refund of the taxes paid by the subsidiary, and it is further conceded that the transfer effected through the merger was not within the prohibition against the assignment of claim against the Government provided in Section 3477, Revised Statutes, 31 U.S.C.A. § 203. The argument is that the transfer did not give the claim for refund any greater validity than it possessed in the hands of the subsidiary, and that the subsidiary was not entitled to the refund because it could not establish that it had not shifted the burden of the tax.

It is a well recognized rule that where business is conducted through separate corporate entities, that separateness will be recognized in matters relating to taxation, regardless of the disadvantages entailed. New Colonial Ice Co. v. Helvering, 292 U.S. 435, 54 S.Ct. 788, 78 L.Ed. 1348; Burnet v. Commonwealth Improvement Co., 287 U.S. 415, 53 S.Ct. 198, 77 L.Ed. 399; Moline Properties v. Commissioner, 319 U.S. 436, 63 S.Ct. 1132, 87 L.Ed. 1499. But the rule is not always inflexible and unyielding. Moline Properties v. Commissioner, supra. And statutes relating to revenue sometimes bring about harsh results in individual cases, but in the absence of a constitutional infirmity, courts are without warrant to grant relief from the strictness of their exactions or limitations. Crooks v. Harrelson, 282 U.S. 55, 51 S.Ct. 49, 75 L.Ed. 156; J. E. Riley Investment Co. v. Commissioner, 311 U.S. 55, 61 S.Ct. 95, 85 L.Ed. 36; Scaife Co. v. Commissioner, 314 U.S. 459, 62 S.Ct. 338, 86 L.Ed. 339. At the same time, it is equally well settled that actions for the recovery of taxes erroneously levied and paid are actions at law but are equitable in function, and that statutes authorizing tax refunds and suits for their recovery are predicated upon the same equitable principles that underlie actions in assumpsit for money had and received. United States v. Jefferson Electric Co., 291 U.S. 386, 54 S.Ct. 443, 78 L.Ed. 859; Stone v. White, 301 U.S. 532, 57 S.Ct. 851, 81 L.Ed. 1265.

Section 902, supra, and the background against which it was enacted, reflect a studied legislative purpose to prevent unjust enrichment by confining the right of refund to those who bore the burden of the tax wrongfully exacted, and to deny the right to others. And the power of Congress to limit in that manner and to

that extent the right of claim is not open to question. Anniston Manufacturing Co. v. Davis, 301 U.S. 337, 57 S.Ct. 816, 81 L.Ed. 1143; Honorbilt Products, Inc., v. Commissioner, 3 Cir., 119 F.2d 797; Bethlehem Baking Co. v. United States, 3 Cir., 129 F.2d 490. But a careful examination of the statute and its legislative setting fails to indicate a Congressional intent or purpose to deny the right of refund in a case of this kind where the wholly owned and completely dominated subsidiary, operating merely as a production department of the integrated organization, and since merged into plaintiff, paid the tax and included the amount in its invoice of the product to plaintiff, but plaintiff did not shift the burden of the tax in any manner. The statute does not lend itself to the conclusion that the right of refund is withheld in such a situation.

■ The next contention is that there was a failure of proof that the plaintiff bore the burden of the taxes paid by it or by its subsidiary. The court expressly found that the plaintiff bore the burden; that it did not shift such burden by the inclusion of the amount of the taxes in the sale price of the hose, or in any other manner or means. That finding is challenged for lack of substantial evidence to support it. It is held in cases of this kind that a taxpayer has failed to show that he bore the burden of the tax, as required by the statute, where coincident with the imposition of the tax, or closely approximating it in point of time, the sale price of the product was increased in amount sufficient to absorb the tax, and there is no satisfactory showing that the increase was due to increased cost of materials, of labor, or of manufacture generally. Honorbilt Products, Inc., v. Commissioner, supra; Vennell v. United States, 3 Cir., 122 F.2d 936; United States v. H. T. Poindexter & Sons Merchandise Co., 8 Cir., 128 F.2d 992; Byars v. Commissioner, 5 Cir., 138 F.2d 513; C. M. McClung & Co. v. United States, 35 F.Supp. 464, 92 Ct.Cl. 275; Insular Sugar Refining Corp. v. United States, 49 F.Supp. 319, 99 Ct.Cl. 345, certiorari denied 320 U.S. 750, 64 S.Ct. 60.

■ But here plaintiff's cost of labor and material began to rise sharply in April or May, 1933, and continued to increase steadily thereafter. Plaintiff had for a long time previously been operating at a large loss and was unable to absorb the increased manufacturing costs without increasing its sale prices. Plaintiff sold staple styles and fancy hosiery. The latter constituted the principal portion of the business. The styles of fancy hose changed in the spring and fall. Within competitive limits the prices of staple styles could be increased at any time, but it was commercially infeasible to increase the prices of fancy patterns between seasons. In May or June, 1933, plaintiff determined to increase the prices on approximately a dozen styles of staple hose, out of approximately 1400 styles sold by it, and the increases became effective July 1, 1933. Subsequently, on July 14, 1933, notice was given in the manner prescribed by the Act that a processing tax would be imposed on cotton, effective August 1, 1933. In October, about the time of the beginning of the fall and winter season in men's hosiery, the prices on certain lines were increased, principally on fancy patterns. There was testimony that at the time of the announcement of the first increase, plaintiff did not know that a floor tax was contemplated; that the increases were due entirely to increased cost of labor, of raw material, and of manufacture generally; that in making the increases in prices, the tax was not taken into consideration and no allowance was made for it; that it was the consistent policy of plaintiff to absorb the tax; that the tax was never billed as a separate item in invoices; and that it was never passed on to vendees, or otherwise shifted in any manner. Whether plaintiff had borne the tax or had shifted it was a question of fact for the trial court. Bethlehem Baking Co. v. United States, supra. The court resolved it in favor of plaintiff. The finding is supported by substantial evidence, and it is not clearly erroneous. In such circumstances, the burden of the statute has been adequately met. Bethlehem Baking Co. v. United States, supra.

The judgment is affirmed.