**UNION PAC. RY. CO. v. BOWERS, and four other cases.**

Circuit Court of Appeals, Second Circuit.
May 13, 1929.

Nos. 192–195, 266.

Charles C. Paulding, of New York City (William Mann, of New York City, of counsel), for appellant Michigan Cent. R. Co.

Clark, Carr & Ellis, of New York City (Henry W. Clark, of New York City, of counsel), for appellants Union Pac. Ry. Co., and others.

Charles H. Tuttle, U. S. Atty., of New York City (Samuel C. Coleman, Asst. U. S. Atty., of New York City, of counsel), for appellee.

Before MANTON, L. HAND, and SWAN, Circuit Judges.

L. HAND, Circuit Judge. The complaints alleged that the plaintiffs in March, 1924, made income tax returns for the year 1923, in which they charged themselves with 2 per cent. upon interest paid by them to certain holders of their bonds. They had promised to pay this interest without deduction for any tax which they might be required or permitted to pay or retain under any law of the United States, and they agree that sections 221 and 237 of the Revenue Act of 1921 (42 Stat. 248, 258) required them to return and pay the amount which they included. Section 1200 (a) of the Revenue Act of 1924 (43 Stat. 353) provided that "any taxpayer making return, for the calendar year 1923, of the taxes imposed by parts I and II of title II of the Revenue Act of 1921 shall be

entitled to an allowance by credit or refund of twenty-five per centum of the amount shown as the tax upon his return." After June 2, 1924, when the act of 1924 took effect, the plaintiffs deducted one-quarter of the tax returned and paid the balance. This deduction the collector refused to allow and the plaintiffs paid the balance under protest.

Part I of title II of the Revenue Act of 1921 contains general provisions not relevant here. Section 1 of the act defines a "taxpayer" as "any person, trust or estate subject to a tax imposed by this act." Part II of title II levies the individual income tax, of which section 221 (b) is the provision here important. This provides that, "where bonds * * * contain a contract or provision by which the obligor agrees * * * to pay the interest without deduction for any tax which the obligor may be required or permitted to pay thereon, or to retain therefrom under any law of the United States, the obligor shall deduct and withhold a tax equal to two per centum of the interest." Subdivision (c) requires a return of the amount so withheld and makes the corporation "liable for such tax"; subdivision (d) requires the obligee to return the full income, but allows him to deduct the amount paid.

▉ The plaintiffs' first argument is that, as they were made "liable for such tax" under section 221 (c), they were "taxpayers" under section 1200 (a) of the act of 1924 and under section 1 of the act of 1921, and that they were therefore entitled to the reduction eo nomine. But in no event can the obligor be regarded as "the taxpayer," though he is "liable for such tax." This is not a paradox, but a constitutional necessity. While interest, when received, is income of the obligee, it is not income of the obligor; it is a debt, and debts are not a part of the debtor's income. He could be taxed only upon such income as he might use to pay the interest, which is indeed exempt under section 234 (b), 42 Stat. 257. But the debt is due, regardless of his income, and, if he is a "taxpayer," the tax could not be unconditionally levied upon the sum paid. It would be constitutionally necessary to limit it to so much as was shown to be income. The statute, of course, meant nothing of the sort, and would not have reached the interest in all cases, if it had. It taxed the obligee, and him alone. It made the obligor "liable for such tax" only because of his promise to the obligee, a promise to discharge the obligee's liability to another. The government could have enforced that promise at common law or in equity, the procedure differing in different jurisdictions. All the statute did was to substitute a single summary remedy.

▉ This does not, however, answer the question at bar. The obligor might still, perhaps, be entitled to a refund or an allowance upon a reduction of the tax, though it was levied on the obligee. Suppose, for example, that the statute had imposed the whole normal tax at the source, so that the obligor must pay it all, as was the case before October 3, 1917, when section 3 of the Revenue Law of 1917 (40 Stat. 301) first introduced a limitation of the amount to be so collected. It would be unjust to hold that a reduction should go to the obligee, who would in that case use the covenant, not as an indemnity, but to get a bonus. But in such a case the obligor and the obligee have not divided the burden of the tax between them. When they have, as they always have since October 3, 1917, another question arises. Has Congress allocated the reduction proportionately between their shares, or has it given the whole allowance to the obligee?

The plaintiffs insist upon the first alternative, relying upon section 1200 (b) and section 281 (d) of the act of 1924. Section 1200 (b) provides that, if the 1923 tax has been paid before June 2, 1924, when the act of 1924 took effect, the taxpayer shall get a credit or a refund for his allowance under section 281 (43 Stat. 353). Section 281 provides in general for refunding overpayments, and subdivision (d) that when the overpayment has been of a tax levied under section 221, the refund shall go to the withholding agent. Perhaps the plaintiffs are right in urging that the equity of this section should extend to section 1200 (a); at any rate, we shall assume so arguendo. That really does not advance matters, until we know whether there has been an overpayment under section 221, or, what is the same thing for these purposes, an overreturn. But that in turn depends upon how Congress intended to marshal the allowance, which is the question at issue. Section 281 (d) certainly applies when there has been an overpayment of the 2 per centum tax, but there is none unless Congress intended proportional reduction between obligor and obligee.

It seems to us clear that Congress did not so intend. The obligor in such bonds has always had to bear 2 per centum of the obligee's tax, at least since 1916. Since 1917 the whole tax has been varied, being reduced in recent times, though never to 2 per centum. The obligor has always carried that much. It

seems to us plain nearly to a demonstration that Congress could not have intended to relieve him for the year 1923, by such language as that relied upon. The purpose was to relieve individual taxpayers, not corporations, as appears by the limitation of section 1200 (a) to part II of title II. We should have to assume that, through inaptness of expression, the statute had gone further than its apparent purpose. This might, indeed, be a necessary conclusion if the obligor was a "taxpayer," but it does not follow from any language used in section 281 (d).

Judgments affirmed.