**WEISS v. UNITED STATES.**

No. 3875.

District Court, N. D. Illinois, E. D.

July 6, 1942.

Jacobson, Merrick, Nierman & Gilbert, of Chicago, Ill., for plaintiff.

J. Albert Woll, U. S. Dist. Atty., of Chicago, Ill., for the United States.

HOLLY, District Judge.

In my opinion plaintiff is not entitled to recover in this case. Sections 902 and 903 of the Revenue Act of 1936, 26 U.S.C.A. Int.Rev.Acts, page 960, it seems to me, require of the plaintiff something more than the mere filing with the Commissioner of a sworn statement that he bore the burden of the tax and that he had not been relieved thereof, nor reimbursed therefore nor shifted such burden, directly or indirectly. He was required to furnish evidence to support his claim and that he failed to do. The Commission requested him to furnish some data to substantiate his claim but he neglected to reply to the Commissioner's request. He stated in his claim that he absorbed the compensation tax payments because it was impossible to add this expense to the established sales price of the handkerchiefs on which the tax was paid. This tells why he absorbed the tax, if he did, but it is not evidence that he had done so.

It is said by plaintiff that the Commissioner waived the requirement of Section 903 of the Act because in his letter of rejection he referred only to the fact that plaintiff had not complied with the provisions of Section 902. Section 902 provides that the claimant shall establish to the satisfaction of the Commissioner or to the satisfaction of the trial court that he has absorbed the tax and has not been relieved of the burden thereof. Section 903 requires claimant in his claim for refund to clearly set forth the evidence relied upon in support of his claim for refund. The fact that the Commissioner did not specifically refer to this section in the rejection of the claim does not, in my opinion, constitute a waiver of the requirements of the section. The Commissioner had prior thereto requested the evidence and claimant had not replied to the Commissioner's letter, though given ample time within which to do so. Further, a claimant who has failed or refused to furnish the Commissioner with evidence to sustain his claim should not be permitted to burden the courts with claims for refund.

For the reasons above set forth and for those given in my memorandum filed March 12, 1942, in Brandwein & Co. v. United Staes, D.C., 44 F.Supp. 17 (the facts in the two cases are similar in many respects) I hold that plaintiff is not entitled to recover.

An order accordingly will be entered.