## M. SNOWER & CO. v. UNITED STATES.
### No. 1710.

District Court, N. D. Illinois, E. D.

April 12, 1943.

W. R. Brown and W. Robert Brown, both of Chicago, Ill., for plaintiff.

J. Albert Woll, U. S. Dist. Atty., of Chicago, Ill., for defendant.

SULLIVAN, District Judge.

This is a suit to recover $45,827.41, which plaintiff claims to have heretofore paid under the provisions of the Agricultural Adjustment Act, 7 U.S.C.A. § 601 et seq. The complaint alleges that in 1933 plaintiff paid to the Collector of Internal Revenue the sum of $29,477.80 as floor stocks taxes under the provisions of the Agricultural Adjustment Act, and from August 1, 1933, to March 2, 1934, it paid through its vendors an additional $17,430.05 as processing taxes under the provisions of the same Act. That on June 28, 1937, plaintiff filed a claim for refund, which was rejected on May 27, 1938; that on December 27, 1939, plaintiff filed an amended claim for refund which was rejected on May 10, 1940. That plaintiff bore the burden of the tax which it seeks to recover.

Defendant filed its answer admitting that the taxes here involved were paid by the plaintiff and that plaintiff bore the burden of them, and setting up as a complete defense that on March 14, 1938, the Commissioner of Internal Revenue notified this plaintiff of a deficiency of $6,301.27 in its income taxes for 1934, and of a deficiency of $1,608.91 in its excess profits tax for the same year. That the deficiency in taxes for 1934 resulted from the addition of the sum of $45,827.41 to plaintiff's income for that year, which sum represented the taxes paid by it under the Agricultural Adjustment Act, and are the same taxes for the recovery of which this suit is brought. That prior to March 14, 1938, plaintiff had filed its claim for refund of these taxes and on March 23, 1938, it was mutually agreed between the plaintiff and the Commissioner of Internal Revenue that in consideration of the withdrawal by the plaintiff of its claim for refund of taxes paid by it under the Agricultural Adjustment Act the deficiency in income and excess profits taxes asserted by the Commissioner would be withdrawn. That pursuant to such agreement plaintiff withdrew its claim for refund, and the Commissioner withdrew the asserted deficiencies, and that by reason of this compromise plaintiff is now estopped to maintain its action.

Subsequently the defendant filed its motion for summary judgment dismissing the complaint for insufficiency and lack of jurisdiction on the ground that neither of the claims for refund complied with the requirements of Section 903 of the Revenue Act of 1936, 7 U.S.C.A. § 645, requiring that claims for refund shall be supported by evidence that plaintiff has not shifted the burden of the tax.

Plaintiff also filed a motion for a summary judgment setting up as ground therefor that to the extent that the agreement in question purported to satisfy plaintiff's claim for refund of $45,827.41 in return for the withdrawal by the Commissioner of the asserted deficiency in the sum of $7,910.18, consideration existed only to the extent of $7,910.18.

The Government urges that the "executed compromise" is a complete defense to this action. Plaintiff, on the other hand, contends that the informal agreement or compromise is invalid, first, because of failure to comply with the statutory requirements providing (a) that it be made with the approval of the Secretary or the Under Secretary of the Treasury, or of an Assistant Secretary of the Treasury, or (b) that there should be "placed on file in the office of the Commissioner" the opinion of the General Counsel of the Department of the Treasury setting out his reasons therefor; and second, because the agreement establishes consideration only to the extent of $7,910.18, the admitted income tax liability.

It is admitted by both sides that the asserted tax deficiency resulted solely from the Commissioner's finding that the entire amount of $45,827.41 claimed as a refund should be added to plaintiff's net income for the year 1934, on the theory that taxes erroneously paid are gross income for the year in which the claim is allowed or refunded.

It is also admitted that no refund was made, so the court logically assumes that the Commissioner first allowed the refund, as the statute requires, and then assessed the deficiency tax, and so notified the plaintiff. The answer admits that this was done "pursuant to statute."

In its motion for summary judgment defendant for the first time attacks the sufficiency of the claim for refund on the ground that it does not comply with Section 903 of the Revenue Act of 1936, and in its brief the Government also urges

non-compliance with Section 902 of the Act.

Section 903, Title 7 U.S.C.A. § 645, provides for the form in which claims for refund shall be presented, while Section 902, Title 7 U.S.C.A. § 644, provides that no such claims shall be made or allowed for any amount paid as taxes under Title VII unless the claimant establishes to the satisfaction of the Commissioner, or the trial court, that he bore the burden of such amount, and has not been relieved thereof nor reimbursed therefor, nor shifted such burden directly or indirectly.

The claim here involved was filed on form 76, the form prescribed by the Commissioner, and under oath plaintiff there sets out that it had borne the burden of the tax, had not been relieved thereof, nor reimbursed therefor. It is not shown that the Commissioner ever requested any other or further evidence in support of the claim, or that he at any time ever objected to the sufficiency of the evidence presented. Inasmuch as the claim was not rejected because of insufficiency of evidence, or because of any irregularity in form, but rather on the ground of the executed compromise agreement, I am of the opinion that the Commissioner thereby waived any such defects in plaintiff's claim as to form or sufficiency of evidence, which it now urges for the first time. In Samara v. United States, 129 F.2d 594, 596, the Circuit Court of Appeals for the Second Circuit in passing on this same question, said:

"The trial court's opinion reasons that section 903 requires the claimant to set forth under oath the evidence relied upon in support of his claim, and since the present claim did not meet this requirement 'the Commissioner was without jurisdiction to consider the claim on the merits.' With this view we are unable to agree. The defect in form resulting merely from failure to comply with paragraphs 6 and 7 of the instructions, compliance with which was made compulsory by Article 201 of the Regulation, was not jurisdictional and could be waived by the Commissioner. See Tucker v. Alexander, 275 U.S. 228, 231, 48 S.Ct. 45, 72 L.Ed. 253; Bonwit Teller & Co. v. United States, 283 U.S. 258, 264, 51 S.Ct. 395, 75 L.Ed. 1018; United States v. Memphis Cotton Co., 288 U.S. 62, 71, 53 S.Ct. 278, 77 L.Ed. 619. The statutory provision in section 903 respecting setting forth "all evidence relied upon" in support of the claim means, in our opinion, all evidence upon which the claimant relies rather than all available evidence. If the latter were the meaning it would follow that the Commissioner could reject a claim, even though satisfied on the evidence submitted that the tax burden had not been shifted, because additional corroboratory evidence available to the claimant had not been set forth in the claim—a most unreasonable construction. Several district courts have held that the complaint need not allege that all available evidence has been presented to the Commissioner. Hutzler Bros. Co. v. United States, D.C.Md., 33 F.Supp. 801; Ney v. United States, D.C.Va., 33 F.Supp. 554. On the issue of who bore the burden of the tax the claim at bar was not wholly unsupported by evidence. There was evidence that the claimant paid the tax and his affidavit that he had not shifted the burden to another. So we think that the statutory requirement that "all evidence relied upon" be set forth was met and that any defect in form of the claim resulted from failure to observe the regulations—a defect which could be waived. The Commissioner did not reject the claim because it was irregular in form; he proceeded to adjust it "on the basis of the evidence on file", and concluded that such evidence was insufficient to meet the requirements of section 902, which deals with the merits, not the form, of a claim. We are satisfied that he had jurisdiction to do so and that his rejection gave the district court jurisdiction of the action."

The cases of Brandwein & Co. v. United States, D.C., 44 F.Supp. 17, and Weiss v. United States, D.C., 46 F.Supp. 383, decided by Judge Holly in this District, and relied upon by defendant, are distinguishable from the case at bar, inasmuch as the claim for refund here was rejected on an entirely different ground, no objection being made by the Commissioner at that time to either the sufficiency of the evidence submitted, or the form in which the claim was made.

▉ Defendant has also moved to dismiss so much of the claim as is based on the payment of $17,430.05 in taxes to the United States through its vendors, on the ground that the courts have held that only the person who paid the tax to the Collector is entitled to claim refund under the

provisions of Title VII, Revenue Act of 1936, 7 U.S.C.A. § 644 et seq.

Paragraph 3 of the complaint sets out that during the period from August 1, 1933, to March 2, 1934, plaintiff also paid an additional total amount of $17,430.05 in taxes to the United States through its vendors, said additional sum of $17,430.05 having been imposed upon, paid by and collected from the plaintiff and paid to the United States under and in strict accordance with Section 18 of the Agricultural Adjustment Act, 7 U.S.C.A. § 618.

These taxes were collected under the provisions of Section 18 of the Agricultural Adjustment Act which made the vendee the taxpayer, but provided that the vendor was to collect such taxes as agent or collector for the Government. The Act also provided direct means for collecting the taxes from the vendee in case he refused to pay them to the vendor. In the instant case plaintiff was the vendee-taxpayer, and as such is entitled to recover the taxes paid. In Saller v. Commissioner, 3 Cir., 122 F.2d 430, 432, this question was before the court. The taxes had been collected by the vendor under Section 18, supra, and the court there said:

"It is argued that the taxes were not paid to the government by Saller but rather by Harford, the vendor. It is true that they were payable through the vendor but in thus receiving and transmitting them the latter acted merely as collecting agent for the government. This did not change the character of the taxes as taxes imposed upon and paid by Saller. An analogy is furnished by the withholding of income tax at the source which has long been a feature of our revenue laws. Under these laws the withholding agent is not necessarily a taxpayer (Union Pac. Ry. Co. v. Bowers, 2 Cir., 33 F.2d 102), even though it actually pays over the amount of the tax to the government collector."

I am of the opinion that plaintiff is entitled to maintain this action to recover the taxes paid under Section 18 of the Agricultural Adjustment Act, because payment of the same to its vendors was a payment of the taxes imposed upon and collected from the plaintiff. The vendors were agents of the Government in collecting the taxes.

Plaintiff urges that the informal agreement here in question is invalid and not binding upon either the plaintiff or the Government, first, because of failure to comply with the statutory requirements, and second, because it lacks consideration for any amount in excess of $7,910.18. Section 3761, Title 26, U.S.C.A.Int.Rev. Code, relating to compromises of taxes, provides:

"(a) Authorization. The Commissioner, with the approval of the Secretary, or of the Under Secretary of the Treasury, or of an Assistant Secretary of the Treasury, may compromise any civil or criminal case arising under the internal revenue laws prior to reference to the Department of Justice for prosecution or defense; and the Attorney General may compromise any such case after reference to the Department of Justice for prosecution or defense."

"(b) Record. Whenever a compromise is made by the Commissioner in any case there shall be placed on file in the office of the Commissioner the opinion of the General Counsel for the Department of the Treasury, or of the officer acting as such, with his reasons therefor * * *."

In Botany Mills v. United States, 278 U.S. 282, 49 S.Ct. 129, 131, 73 L.Ed. 379, involving an adjustment of a tax controversy between the Bureau of Internal Revenue and a taxpayer without the approval of the officials prescribed by the statute, the court said:

"* * * we are of the opinion that the informal settlement made in this case did not constitute a binding agreement. Section 3229 authorizes the Commissioner of Internal Revenue to compromise tax claims before suit, with the advice and consent of the Secretary of the Treasury, and requires that an opinion of the Solicitor (now General Counsel) of Internal Revenue setting forth the compromise be filed in the Commissioner's office. Here the attempted settlement was made by subordinate officials in the Bureau of Internal Revenue. And although it may have been ratified by the Commissioner in making the additional assessment based thereon, it does not appear that it was assented to by the Secretary, or that the opinion of the Solicitor was filed in the Commissioner's office.

"We think that Congress intended by the statute to prescribe the exclusive method by which tax cases could be com-

promised, requiring therefor the concurrence of the Commissioner and the Secretary, and prescribing the formality with which, as a matter of public concern, it should be attested in the files of the Commissioner's office; and did not intend to intrust the final settlement of such matters to the informal action of subordinate officials in the Bureau. When a statute limits a thing to be done in a particular mode, it includes the negative of any other mode. (Citing cases.)

"It is plain that no compromise is authorized by this statute which is not assented to by the Secretary of the Treasury. (Citing cases.) For this reason, if for no other, the informal agreement made in this case did not constitute a settlement which in itself was binding upon the Government or the Mills. And, without determining whether such an agreement, though not binding in itself, may when executed become under some circumstances, binding on the parties by estoppel, it suffices to say that here the findings disclose no adequate ground for any claim of estoppel by the United States.

"We therefore conclude that the Mills was not precluded by the settlement from recovering any portion of the tax to which it may otherwise have been entitled."

In the case at bar there is no showing that the settlement was made with the advice and consent of the Secretary of the Treasury, or that the opinion of the General Counsel stating the reasons for such settlement was ever placed on file in the office of the Commissioner, as the statute requires. I feel quite confident that had this "compromise settlement" been submitted to the Commissioner or to the General Counsel they would not have approved such an inequitable adjustment of this claim.

I am of the opinion that plaintiff is entitled to judgment on its motion for summary judgment and that judgment should be entered for it in the sum of $37,917.23 (the amount of its claim for $45,827.41 less the income tax of $7,910.18 found due by the Commissioner) together with interest to the date of judgment.

Motion of the Government for summary judgment is denied, and the motion of plaintiff for summary judgment is allowed in the amount above indicated.