### LEE WILSON & CO. v. COMMISSIONER OF INTERNAL REVENUE.

#### No. 461, Original.

Circuit Court of Appeals, Eighth Circuit.

April 22, 1940.

Geo. E. H. Goodner, of Washington, D. C. (Helen Goodner, of Washington, D. C., on the brief), for petitioner.

F. E. Youngman, Sp. Asst. to Atty. Gen. (Samuel O. Clark, Jr., Asst. Atty. Gen., and Sewall Key, Sp. Asst. to Atty. Gen., on the brief), for respondent.

Before GARDNER, WOODROUGH, and THOMAS, Circuit Judges.

THOMAS, Circuit Judge.

This is a petition to review an order of the United States Processing Tax Board of Review. It involves a claim for refund of the sum of $2,218.61 collected from the petitioner as a tax on the domestic processing of hogs pursuant to the provisions of the Agricultural Adjustment Act, c. 25, 48 Stat. 31, 7 U.S.C.A. § 601 et seq. The Commissioner of Internal Revenue disallowed the petitioner's claim on the grounds (1) that the claim is not founded on the basis that petitioner had borne the burden of the tax; (2) that no evidence was submitted to establish that the burden of the tax was borne by the petitioner; (3) that the claim as filed does not conform to the provisions of sections 902 and 903 of Title VII of the Revenue Act of 1936, c. 690, 49 Stat. 1747, 7 U.S.C.A. §§ 644, 645; and (4) that the claim as filed afforded no basis for the Commissioner to consider it on its merits.

The petitioner thereupon sought a review of the decision of the Commissioner before the Board of Review created by the Act, praying that it be granted a hearing; that the decision of the Commissioner be reversed; and alleging that Title VII of the Revenue Act of 1936 is unconstitutional, null, and void, in so far as it purports to condition refund of the tax upon proof that the taxpayer bore the burden of the tax, or in so far as it requires proof based upon records not theretofore required to be kept by the taxpayer.

Upon motion of the respondent the Board dismissed the petition on the ground that "the claim for refund, the disallowance by the respondent of which is sought to be reviewed, fails to com-

ply with the requirements of Title VII of the Revenue Act of 1936 and of the Treasury Regulations promulgated thereunder."

The appeal is before this court pursuant to Section 906(g) of the Revenue Act of 1936, c. 690, 49 Stat. 1648, 1750, 7 U.S.C.A. § 648(g). The single question presented is the propriety of the Board's order. The petitioner contends: (1) That the claim filed by it was a good claim under the law; (2) that the petition filed with the Board stated a good cause of action; (3) that the Board is without power to dismiss a properly drawn petition and thus refuse a hearing on the merits; and (4) that if Title VII of the Revenue Act of 1936 is to be construed as respondent urges, it is null and void as an infringement of the petitioner's constitutional rights.

The respondent denies each of the petioner's contentions and urges that the petitioner, by proceeding upon a claim properly rejected by the Commissioner as defective, failed to comply with an essential prerequisite to the maintenance of its cause of action before the Board.

The validity of the claim must be determined in the light of the relevant statute and the regulations promulgated thereunder. The pertinent sections of the Revenue Act of 1936 are set out in the margin.[1]

Section 916 of the Revenue Act of 1936, 7 U.S.C.A. § 658, empowers the Commissioner to prescribe "such rules and regulations as may be deemed necessary to carry out the provisions [of sections 644 to 659] of this title." Proceeding under this grant of authority the Commissioner promulgated Treasury Regulations 96 designed to prescribe the essentials of the claim required by Section 903 of the Act, and intended to provide the necessary information requisite to the allowance of a refund under the conditions set forth in Section 902 of the Act. The pertinent Articles of Treasury Regulations 96 promulgated under the Revenue Act of 1936 will be found in the footnote.[2]

[1] "Section 902. *Conditions on allowance of refunds*

"No refund shall be made or allowed, in pursuance of court decisions or otherwise, of any amount paid by or collected from any claimant as tax under the Agricultural Adjustment Act [this chapter], unless the claimant establishes to the satisfaction of the Commissioner in accordance with regulations prescribed by him, with the approval of the Secretary, or to the satisfaction of the trial court, or the Board of Review in cases provided for under section 906 [648 of this title], as the case may be—

"(a) That he bore the burden of such amount and has not been relieved thereof nor reimbursed therefor nor shifted such burden, directly or indirectly, (1) through inclusion of such amount by the claimant, or by any person directly or indirectly under his control, or having control over him, or subject to the same common control, in the price of any article with respect to which a tax was imposed under the provisions of such Act [chapter], or in the price of any article processed from any commodity with respect to which a tax was imposed under such Act [chapter], or in any charge or fee for services or processing; (2) through reduction of the price paid for any such commodity; or (3) in any manner whatsoever; and that no understanding or agreement, written or oral, exists whereby he may be relieved of the burden of such amount, be reimbursed therefor, or may shift the burden thereof; or

"(b) That he has repaid unconditionally such amount to his vendee (1) who bore the burden thereof, (2) who has not been relieved thereof nor reimbursed therefor, nor shifted such burden, directly or indirectly, and (3) who is not entitled to receive any reimbursement therefor from any other source, or to be relieved of such burden in any manner whatsoever." U.S.C. Supp. IV, Title 7, Sec. 644, 7 U.S.C.A. § 644.

"Section 903. *Filing of claims*

"No refund shall be made or allowed of any amount paid by or collected from any person as tax under the Agricultural Adjustment Act [this chapter] unless, after the enactment of this Act [June 22, 1936], and prior to July 1, 1937, a claim for refund has been filed by such person in accordance with regulations prescribed by the Commissioner with the approval of the Secretary. All evidence relied upon in support of such claim shall be clearly set forth under oath. * * *" U.S.C. Supp. IV, Title 7, Sec. 645, 7 U.S.C.A. § 645.

[2] Art. 201. *Claims—Form and where to file.*—Claims for the refund of tax shall be made on the prescribed forms. Such claims shall be prepared in accordance with the instructions contained on

The claim for refund filed with the Collector was made on P. T. Form 79 prescribed by the regulations. The claimant filled in the blanks on the first page, stating its name and address, the name of the commodity processed, and the amount of the tax and of the refund claimed. Following these blanks on the first page of the form is a printed affidavit to be executed by the claimant. The affidavit sets out in seven numbered paragraphs the essential elements of a claim to conform to the provisions of the statute with an averment that they are true and correct. The claimant crossed out paragraph number 4 of the affidavit. The deleted paragraph reads as follows: "4. (a) That the amount of the burden of the processing tax on the processing of the commodity named above which was borne by the claimant as set forth in column 2 above is true and correct; that the claimant has not been relieved thereof nor reimbursed therefor nor shifted such burden, directly or indirectly, (1) through inclusion of such amount by the claimant, or by any person directly or indirectly under his control, or having control over him, or subject to the same common control, in the price of any article processed from such commodity; (2) through reduction of the price paid for such commodity; or (3) in any manner whatsoever; and that no understanding or agreement, written or oral, exists whereby he may be relieved of the burden of such amount, be reimbursed therefor, or may shift the burden thereof; and (b) that the data and statements submitted in and made a

the forms and in accordance with the provisions of these regulations. * * *.

Art. 202. *Facts and evidence in support of claim.*—Each claim shall set forth in detail and under oath each ground upon which the refund is claimed. It is incumbent upon the claimant to prepare a true and complete claim and to substantiate by clear and convincing evidence all of the facts necessary to establish his claim to the satisfaction of the Commissioner; failure to do so will result in the disallowance of the claim.

The provisions of these regulations require that certain specific facts shall be stated in support of any claim for refund. The claimant is privileged to prove those facts in any manner available to him and to submit such evidence to that end as he may desire.

Art. 601. *Claim form prescribed.*—Claims for refund of amounts paid as processing tax (as defined in section 913(b) of the Act [7 U.S.C.A. § 655(b)]) shall be filed on P. T. Form 79. * * *.

Art. 603. *Payment of tax.*—The claimant shall set forth in the claim complete data with respect to the amount of processing tax which he has paid on the processing of the commodity. (Detailed instructions follow).

Art. 605. *Evidence as to Margins.*—Section 907 of the Act (c. 690, 49 Stat. 1751, 7 U.S.C.A. § 649) provides that in claims for refund of amounts paid as processing tax it shall be prima facie evidence that the burden of such amount was borne by the claimant to the extent (not to exceed the amount of the tax) that the average margin per unit of the commodity processed was lower during the tax period than the average margin per unit of such commodity was during the period before and after the tax. If the average margin during the tax period was not lower, it shall be prima facie evidence that none of the burden of such amount was borne by the claimant but that it was shifted to others.

There shall be submitted with, and as a part of, each claim, a statement showing the average margin for the tax period and for the period before and after the tax. * * * (Detailed instructions for the computation of the average margin follow).

In support of such statement there shall be submitted, verified by appropriate affidavit, a detailed showing of the manner in which the margins for each month and the average margins for each period were ascertained, the data and records on which they were based, the location of such data and records, and all other related matters, including the accounting procedure of the claimant, which entered into the computations of such margins. All elements, factors, units, or measures entering into the computation of such margins, and any departure from uniformity in the use thereof in making such computation for any part of either period, must be fully explained and justified.

Art. 606. *Other evidence.*—In addition to the showing as to margins, the claimant is privileged to submit with his claim any other evidence available to him tending to establish that he bore the burden of the tax. Such evidence may be submitted to support the prima facie presumption, if such presumption is in favor of the claimant, or to rebut such presumption if it is against him. (See section 902 and subsection (e) of section 907 of the Act [7 U.S.C.A. §§ 644, 649 (e)]).

part of Schedule D are true and correct;"

The remaining seven pages of the prescribed form contain Schedules A, B, C, D, E, and a detailed set of instructions as to the information desired. Schedule A requires the date, place and amount of each tax payment. Schedules B and C call for information as to amounts of the tax refunded to, or for which credit has been taken by, the claimant or by others. Schedule D provides for data relative to the computation of the average margin for the tax period necessary to the prima facie showing referred to in section 907 of the Act and in Article 605 of the Regulations. Schedule E asks for information as to vendees to whom the processing tax was repaid and who bore the burden of such tax.

The petitioner filled in Schedule A and left the remaining schedules blank without explanation. In lieu, apparently, of its failure to provide the desired information, it appended to the claim the following statement:

"It is impossible to determine and prove how much of the tax, if any, was not absorbed by claimant and claimant believes and therefore asserts that it absorbed all the tax.

"Claimant demands refund of the entire amount paid because the Supreme Court has held that it was illegally assessed and collected and because any attempt to condition or restrict the refund thereof, by requiring proof that the tax was absorbed by the claimant, is unconstitutional and void."

■ It is obvious that the petitioner did not file a claim for refund that met the requirements of Section 903 of the statute. The unsworn statement that the entire amount of the tax was borne by the petitioner and not shifted to others is not supported by a single statement of fact that would have permitted the Commissioner to determine the merits of the petitioner's right to a refund under Section 902. The regulations, the substance of which is set forth in the instructions accompanying the form, are disregarded without other explanation than that the conditions imposed by the Act and required by the regulation are unconstitutional.

■ The function of the facts called for by the schedules is to facilitate research; and the Commissioner was entitled to insist upon compliance with their directions as to the desired information. A claim that refers to no facts upon which it may be founded is ineffective and "will not supply a basis for a suit against the government when there has been neither waiver by the Commissioner nor amendment by the taxpayer." United States v. Memphis Cotton Oil Co., 288 U.S. 62, 72, 53 S.Ct. 278, 282, 77 L.Ed. 619; United States v. Felt & Tarrant Co., 283 U.S. 269, 272, 51 S. Ct. 376, 75 L.Ed. 1025; Maas & Waldstein Co. v. United States, 283 U.S. 583, 589, 51 S.Ct. 606, 75 L.Ed. 1285; United States v. Andrews, 302 U.S. 517, 521, 58 S.Ct. 315, 82 L.Ed. 398; Dascomb v. McCuen, 2 Cir., 73 F.2d 417, 419; Continental-Illinois Nat. Bank & Trust Co. v. United States, 7 Cir., 67 F.2d 153, 155; Snead v. Elmore, 5 Cir., 59 F.2d 312, 314; Taber v. United States, 8 Cir., 59 F.2d 568, 571; Weagant v. Bowers, 2 Cir., 57 F.2d 679, 680.

■ It will be observed that section 903 of the Act provides that no refund of any processing tax shall be allowed unless a claim therefor shall have been filed in accordance with regulations prescribed by the Commissioner prior to July 1, 1937. There is then added: "All evidence relied upon in support of such claim shall be clearly set forth under oath." It is apparent from the second paragraph of the statement attached to the claim, supra, that at the time the claim was filed the petitioner was of the impression that Congress could not "condition or restrict" the refund of processing taxes, and that the claimant could not be required to furnish evidence to support the burden cast upon it by paragraph 4 which it deleted from the affidavit on the first page of the claim. The Act was subsequently held to be valid by the Supreme Court in Anniston Mfg. Co. v. Davis, 301 U.S. 337, 57 S. Ct. 816, 81 L.Ed. 1143. Now it is claimed the requirement of the statute that the evidence relied upon to support the claim must be set forth under oath is not subject to the limitation of time for filing the claims provided in the first sentence of section 903. The argument is opposed to the plain mandate of the statute. This section of the statute provides for filing claims, and requires that "All evidence relied upon in support of

such claim" must be "set forth under oath." Where must such evidence be set forth? Clearly it must be in connection with the claim. And that evidence set forth "in accordance with regulations prescribed by the Commissioner" must be sufficient to establish "to the satisfaction of the Commissioner * * of the trial court, or the Board of Review * * * That he bore the burden" prescribed by the statute.

The petitioner contends further that it was entitled to a hearing before the Board on the merits of the allegations in its petition without regard to whether the Commissioner was right in disallowing the claim for non-compliance with the regulations. The argument is that the petitioner was entitled under Section 902 to present evidence as to its right to a refund to either the Commissioner or the Board; that section 906, 7 U.S.C.A. § 648, which provides that upon petitioning the Board "the claimant shall be entitled to a hearing as provided herein", is mandatory in its terms; that the Board is given no authority by statute to dismiss a properly drawn petition and deny a hearing on the merits; and that for the purpose of ruling on the motion to dismiss the Board was required to accept as true all well pleaded facts alleged in the petition (F. & F. Laboratories, Inc. v. Commissioner, 7 Cir., 104 F.2d 563) without reference to the attached claim.

In substance the petition to the Board alleges that petitioner paid processing taxes on hogs in the amount of $2,218.61 in 1935; that it bore the burden of such taxes and was not relieved therefrom, or reimbursed therefor, and did not shift that burden to others, either directly or indirectly; that on June 25, 1937, after the enactment of the Revenue Act of 1936, it filed a claim for refund of the processing taxes paid by it; that said claim was disallowed by the Commissioner of Internal Revenue on March 10, 1939. Certain errors committed by the Commissioner in disallowing the claim and certain constitutional questions are alleged. A hearing on the merits is requested.

█ Assuming that the allegations with respect to the burden of the tax are sufficient to establish the validity of the petitioner's claim for purposes of the motion to dismiss, it does not follow that a cause of action was stated which the Board had authority to hear and determine on the merits. The allegation that a claim had been filed was jurisdictional in character and was appropriately challenged by the motion to dismiss. The Board was required to determine that issue before proceeding to a hearing on the merits. Under section 903 of the Act the power of the Board to allow a refund is dependent upon whether a claim for refund has been filed in compliance with the statute. The clear intent of the statute is to require a claimant to seek a ruling by the Commissioner on the merits of the claim before applying to the Board for a review. A claim that fails to meet the statutory requirements and that has been properly disallowed by the Commissioner as defective leaves the Board without jurisdiction to grant a refund. See United States v. Felt & Tarrant Co., supra. If it were otherwise the claimant could proceed directly to the Board merely by filing a formal claim for refund unsupported by any facts that would permit the Commissioner to rule on its merits. The action of the Board in dismissing the petition upon respondent's motion was proper and there is no merit in the contention that it was without power so to do. Arabi Packing Co. v. Commissioner, 5 Cir., 109 F.2d 278; Oswald Jaeger Baking Co. v. Commissioner, 7 Cir., 108 F.2d 375; Grain Belt Supply Co. v. Commissioner, 8 Cir., 109 F.2d 490; F. & F. Laboratories v. Commissioner, supra.

█ Finally, the petitioner contends that, as construed by the respondent, Title VII of the Revenue Act of 1936 is unconstitutional. The argument is that if the "margin" data required by Schedule D of P. T. Form 79 and Article 605, supra, is a mandatory prerequisite under Section 907, supra, to the right to a refund the Act imposes an impossible burden of proof upon a taxpayer who failed to keep records to show that it bore the burden of the tax. Section 907, supra, specifically provides for the case of a taxpayer in this situation, and, aside from the fact that there is an entire absence in this record of any facts showing impossibility of proof under this section of the statute, the petitioner's contention is wholly without merit. Anniston Mfg. Co. v. Davis, 301 U.S. 337, 57 S.Ct. 816, 81 L.Ed. 1143; United States

v. Jefferson Electric Co., 291 U.S. 386, 54 S.Ct. 443, 78 L.Ed. 859; Burnet v. Houston, 283 U.S. 223, 228, 51 S.Ct. 413, 75 L.Ed. 991.

The order of the Board of Review is affirmed.