## LEE WILSON & CO. v. COMMISSIONER OF INTERNAL REVENUE.

### No. 529, Original.

Circuit Court of Appeals, Eighth Circuit.
Nov. 17, 1941.

George E. H. Goodner, of Washington, D. C. (Helen Goodner, of Washington, D. C., on the brief), for petitioner.

F. E. Youngman, Sp. Asst. to the Atty. Gen. (Samuel O. Clark, Jr., Asst. Atty. Gen., and J. Louis Monarch, Sp. Asst. to Atty. Gen., on the brief), for respondent.

Before GARDNER, SANBORN, and THOMAS, Circuit Judges.

SANBORN, Circuit Judge.

After this Court had decided, in Lee Wilson & Co. v. Commissioner, 8 Cir., 111 F.2d 313, that a claim of petitioner for refund of an amount paid by it as processing taxes under the Agricultural Adjustment Act, c. 25, 48 Stat. 31, 7 U. S.C.A. § 601 et seq., was insufficient, the petitioner filed another claim for refund of the amount. The respondent disallowed the second claim on the ground that it was a duplicate of the first. On petition to review, the United States Processing Tax Board of Review, on motion of the respondent, entered an order dismissing the petition on the ground that the second claim for refund did not comply with Title

VII of the Revenue Act of 1936, 49 Stat. 1747, §§ 902 and 903, 7 U.S.C.A. §§ 644 and 645, and the Treasury Regulations promulgated thereunder (Articles 201, 202 and 605 of Regulations 96). The petitioner seeks a reversal of the order of the Board.

The petitioner contends that its second claim complied with the applicable statute and regulations. The respondent asserts that the petitioner was without right to file a second claim and that it is insufficient. We shall concern ourselves with the question of the sufficiency of the claim.

In view of our decisions in Lee Wilson & Co. v. Commissioner, 8 Cir., 111 F.2d 313, and Landrum v. Commissioner, 8 Cir., 122 F.2d 857, opinion filed October 22, 1941, there is no need of any detailed discussion of the applicable statute and regulations or to again describe the form of claim which the petitioner was required to file under Article 201 of Treasury Regulations 96. Section 902 of the Revenue Act of 1936 prohibited a refund of any amount paid as processing tax unless the claimant established to the satisfaction of the Commissioner of Internal Revenue that the claimant had paid the amount and had not shifted it or been reimbursed for it. Section 903 of the Act required that a claim for refund should comply with the regulations prescribed by the Commissioner and that all evidence relied upon in support of such claim should be clearly set forth under oath. Article 202 of Treasury Regulations 96 required that the claim set forth in detail and under oath each ground for refund, that the claim be true and complete, and that all of the facts necessary to establish the claim to the satisfaction of the Commissioner be substantiated by clear and convincing evidence. Article 605 of Treasury Regulations 96 required the claimant to furnish with his claim complete margin data showing the average margin for the tax period and for the period before and after the tax period, together with a detailed showing of the manner in which margins for each month and average margins were ascertained.[1] Margin data was required because § 907(a) of the Revenue Act, 7 U.S.C.A. § 649(a), provided: "Where the refund claimed is for an amount paid or collected as processing tax, as defined herein, it shall be prima-facie evidence that the burden of such amount was borne by the claimant to the extent (not to exceed the amount of the tax) that the average margin per unit of the commodity processed was lower during the tax period than the average margin was during the period before and after the tax. If the average margin during the tax period was not lower, it shall be prima-facie evidence that none of the burden of such amount was borne by the claimant but that it was shifted to others." Section 907(c) of the Revenue Act provided that "if the claimant was not in business during the entire period before and after the tax, the average margin, during such period, of representative concerns engaged in a similar business and similarly circumstanced, as determined by the Commissioner, shall be used as his average margin for such period."

The petitioner filed its second claim for refund on the proper form and executed the sworn statement called for by the form. It did not furnish any of the margin data called for by Schedule D of the form. A part of this schedule called for the "Average Margin for the Tax Period" and for the figures showing for each month of the period the gross sales value of articles processed, cost of the commodity processed, amount of processing tax, the margin, and the total units of the commodity processed. None of this information was furnished by the petitioner. Neither did it furnish any margin in-

---

[1] Article 605 of Treasury Regulations 96 provided: "The average margin for the tax period shall be computed as follows: Determine for each month during the period (1) the gross sales value of articles derived from the commodity processed during such month; (2) the cost of the commodity processed during such month; (3) the amount of processing tax paid with respect to the quantity of the commodity processed during the month; and (4) the number of units of the commodity processed during the month. The sum of the monthly gross sales values for all months during the period minus the sum of the monthly costs of the commodity processed for all months during the period, minus the sum of the processing taxes paid for all months during the period, and divided by the sum of the number of units of the commodity processed during all the months comprising the period is the average margin for such period. (For definition of 'cost of commodity' and 'gross sales value,' see section 907(b), paragraphs (5) and (6), respectively, of the Act.)"

formation for the periods before and after the tax period. The petitioner, however, attached to its claim the following statement:

"On June 25, 1937, claimant filed with the Collector for the District of Arkansas a claim for refund of the hog processing taxes paid by it under the provisions of the Agricultural Adjustment Act in the amount of $2,218.61. Said claim was prepared on Treasury Department P. T. Form 79. No average margin data was furnished, as called for in Schedules D-1(a), (b), and (c), and D-2, because claimant did not process hogs in the pre-tax period and such information was not available to claimant.

"Claimant paid the hog processing taxes as set out above and did not pass on any part thereof to its vendees. It did not include the tax in the price of any article on which the tax was imposed, nor bill the tax as a separate item, nor change its contract of sale or the sale price by the amount of the tax, nor contract to refund any part of the sale price in the event of recovery of the tax. It bore the full burden of the tax and has not been reimbursed for any part thereof in any manner whatsoever. Said so-called taxes are refundable because the law imposing them has been held unconstitutional, null, and void. In view of the above statement, Schedules B, C, and E of this claim form are not filled in. The information called for in Schedule D-1(a), (b), and (c) is not available to claimant, because claimant was not engaged in processing hogs during any part of the pre-tax period. Furthermore, the average margins of other representative concerns engaged in similar businesses and similarly circumstanced are not available to claimant. Claimant asserts that it bore, and did not shift, the burden of the tax, as the execution of this claim will attest. Should it be held that the information called for in Schedule D-1 of this claim form is essential to the allowance of this claim, then Title VII of the Revenue Act of 1936 is to that extent unconstitutional, null, and void.

"Any attempt to condition the refund of the so-called tax, which was illegally collected, when claimant is unable to meet such conditions through no fault of its own, is illegal and invalid.

"This claim shall also constitute a demand for the so-called tax on the ground of money illegally taken, had, and received by the Commissioner of Internal Revenue and, therefore held in trust for claimant subject to its demand.

"This claim is filed as amendatory of said former claim filed June 25, 1937, and also as a new claim under the law."

The petitioner contends that it was not required to furnish any of the information called for in Schedule D because it was not in business before and after the tax period and the average margin data of representative concerns engaged in similar business was not available to it. The petitioner asserts that Section 907(c) of the Act requires the Commissioner to procure and use such data. Assuming, without deciding, that the respondent had or was required to obtain the information as to the average margins of similar concerns for periods before and after the tax period in question, such information would have been useless in the absence of data as to petitioner's average margin during the tax period. Under the petitioner's theory as to the duty of the Commissioner, the petitioner should have given him the information to make the necessary comparisons, and, having failed to do so, is in no position to complain of the failure of the Commissioner to procure and use the information as to the average margins of similar processors.

We think that, under the applicable statute and Treasury Regulations, the petitioner was, at least, required to furnish with his claim all of the information called for by Schedule D as to petitioner's own margins during the tax period.

If the sufficiency of the petitioner's claim for refund was to be tested by the Federal Rules of Civil Procedure, 28 U.S.C.A. following section 723c, the order of the Board dismissing the petition for review would, no doubt, be erroneous. Compare, Leimer v. State Mutual Life Assurance Co., 8 Cir., 108 F.2d 302. So far as assertions are concerned, the claim for refund is adequate, but the statute and regulations which prescribe the standard for measuring its sufficiency require not only assertions that the claimant is entitled to the refund which he seeks, but evidence to substantiate the assertions. In the former Lee Wilson & Co. case, 8 Cir., 111 F.2d 313, at pages 317, 318, this Court ruled that the evidentiary showing made with the claim must be sufficient "to es tablish 'to the satisfaction of the Commis-

sioner * * * of the trial court, or the Board of Review * * *.'" that the taxpayer bore the burden of the amount paid as processing tax. See also, Tennessee Consolidated Coal Co. v. Commissioner, 6 Cir., 117 F.2d 452, 453, 454, and Landrum v. Commissioner, 8 Cir., 122 F.2d 857, opinion filed October 22, 1941.

Since the claim for refund failed to furnish to the respondent a sufficient evidentiary basis for determining the probable merits of the petitioner's asserted claim, we think the Board was without jurisdiction to grant petitioner a refund and did not err in dismissing the petition for review. Lee Wilson & Co. v. Commissioner, 8 Cir., 111 F.2d 313, 318; Landrum v. Commissioner, 8 Cir., 122 F.2d 857.

The order of the Board is affirmed.