## BRANDWEIN & CO. v. UNITED STATES.
### No. 3680.

District Court, N. D. Illinois, E. D.

March 12, 1942.

David Brandwein, of Chicago, Ill., and Kenneth Carroad, of New York City, for plaintiff.

J. Albert Woll, U. S. Dist. Atty., of Chicago, Ill., for defendant.

HOLLY, District Judge.

Plaintiff sues to recover the sum of $7,977.77 paid as cotton floor stock taxes under the provisions of the Agricultural Adjustment Act of 1933, 7 U.S.C.A. § 601 et seq., which was later declared to be unconstitutional in United States v. Butler, 297 U.S. 1, 56 S.Ct. 312, 80 L.Ed. 477, 102 A.L.R. 914. Of this amount the Government contends, and the plaintiff does not deny, $128.71 has been repaid leaving a balance of $7851.06 which the plaintiff still claims to be due it.

Section 902 of the Revenue Act of 1936, 7 U.S.C.A. § 644, provides, inter alia, that no refund shall be made or allowed of any amount paid as taxes under that chapter unless the claimant establishes to the satisfaction of the Commissioner or to the satisfaction of the trial court that he bore the burden of such amount and has not been relieved thereof nor reimbursed therefor nor shifted such burden directly or indirectly.

By Section 903 of said Act, 7 U.S.C.A. § 645, it is provided, that no refund shall be made or allowed of any amount paid by or collected from any person as tax under the Agricultural Adjustment Act unless a claim for refund has been filed by such person in accord with the regulations prescribed by the Commissioner with the approval of the Secretary and that all evidence relied upon in support of such claim shall be clearly set forth under oath. By Treasury Regulation 96 promulgated under the provisions of the Revenue Act of 1936 it is provided (Art. 201) that claims for the refund of the tax shall be made on the prescribed form and (Art. 202) that each claim shall set forth in detail and under oath each ground upon which the refund is claimed and that it is incumbent upon the claimant to prepare a true and complete claim and substantiate by clear and convincing evidence all of the facts necessary to establish his claim to the satisfaction of the Commissioner. It is further provided that the claimant shall state specific facts in support of any claim for refund.

The defendant has moved to dismiss as to the claim for $7,801.56 on the ground that plaintiff had not filed a proper claim for refund with the Commissioner and therefore is not entitled to maintain his action.

The motion to dismiss is not based upon the failure of the complaint to set out facts entitling the plaintiff to recover but is in the nature of a "speaking demurrer". The defendant has attached to its motion certified copies of the claim for refund filed by the plaintiff together with certain correspondence passing between the Commissioner and the plaintiff. Both plaintiff and defendant have discussed the motion on the theory that the court shall consider

the exhibits attached to the motion as a part of the record.

From the certified copies it appears that the claim for refund is upon the form provided by the Commissioner under the regulations and that it contains a statement sworn to by the treasurer of plaintiff that the plaintiff has not been relieved of said floor taxes nor reimbursed therefor nor shifted the said burden directly or indirectly in any manner whatsoever and that no understanding or agreement written or oral exists whereby it may be relieved of the burden of such amount, be reimbursed therefor or may shift the burden thereof. It is further stated in said claim for refund that the records in support of the claim are too voluminous for transmittal to the Bureau but were available at the office of the taxpayer, and a field audit of the claim was requested.

It appears from the certified copies of the communications from the Commissioner to plaintiff filed with the motion that plaintiff made several requests for an extension of time within which to submit evidence in support of its claim and that several extensions were granted but that no evidence was submitted. On December 6, 1939, the Commissioner sent a letter to plaintiff in which the Commissioner called attention to the provisions of Section 902 of the Revenue Act of 1936 requiring the claimant for a refund to establish to the satisfaction of the Commissioner that it bore the burden of tax and had not been relieved thereof nor reimbursed therefor nor shifted such burden directly or indirectly in any manner whatsoever, and because of the failure to furnish such evidence the claim was rejected.

The question presented here is whether plaintiff has complied with the provisions of Section 902 and 903 of the Revenue Act of 1936 and the regulations thereunder in the presentation of its claim for the refund. Defendant says it has not and therefore cannot recover in this case.

I am of the opinion that the claim in this case did not comply with the statute or the regulations. The claim for refund did contain a statement, verified by the affidavit of the proper officer of the plaintiff, that it had not been relieved of the burden of the tax nor been reimbursed therefor and had not shifted the burden to others and had no understanding or agreement by which it might be relieved of the burden of the taxes but that is not a compliance of the requirements of the statute that evidence to that effect be furnished to the Commissioner.

This question has been passed upon adversely to the contention of the plaintiff in Lee Wilson & Co. v. Commissioner of Internal Revenue, 8 Cir., 111 F.2d 313, 317, wherein the court said: "The unsworn statement [in the claim for refund filed with the Commissioner] that the entire amount of the tax was borne by the petitioner and not shifted to others is not supported by a single statement of fact that would have permitted the Commissioner to determine the merits of the petitioner's right to a refund under Section 902."

That case differs from the case at bar in that the statement in the claim for refund was not sworn to, but the court said further in that case: "The function of the facts called for by the schedules is to facilitate research; and the Commissioner was entitled to insist upon compliance with their directions as to the desired information. A claim that refers to no facts upon which it may be founded is ineffective and 'will not supply a basis for a suit against the government when there has been neither waiver by the Commissioner nor amendment by the taxpayer.'"

This same case again came to the same court and it is reported in 123 F.2d 232, 234 wherein the court stated that the statute requires "not only assertions that the claimant is entitled to the refund which he seeks, but evidence to substantiate the assertions."

To the same effect is Samara v. United States, D.C.S.D.N.Y., 39 F.Supp. 880.

Plaintiff has cited certain district court cases which it contends support its position. In some of these cases the court held only that the plaintiff in the action for refund was not limited to the evidence supplied to the Commissioner. In so far as it is held in those cases that a claim of the character of that filed by plaintiff in this case is sufficient I cannot agree. The motion of defendant to dismiss will be sustained.