### JAUBERT BROS., Inc., v. UNITED STATES.
#### No. 412.

District Court, E. D. Louisiana,
New Orleans Division.

June 7, 1943.

Porteous, Johnson & Humphrey, of New Orleans, La., for plaintiff.

Samuel O. Clark, Jr., Asst. Atty. Gen., Andrew D. Sharpe and Fred J. Neuland, Sp. Assts. to Atty. Gen., and Herbert W. Christenberry, U. S. Atty., and Henry C. Vosbein, Asst. U. S. Atty., both of New Orleans, La., for defendant.

BORAH, District Judge.

This action was brought to recover the sum of $19,242.03 paid as cotton floor-stocks taxes under the provisions of the Agricultural Adjustment Act of 1933, § 1 et seq., 7 U.S.C.A. § 601 et seq., which was later declared to be unconstitutional in United States v. Butler et al., 297 U.S. 1, 56 S.Ct. 312, 80 L.Ed. 477, 102 A.L.R. 914.

The admitted facts which give rise to this controversy and upon which final decision must rest are these:

Findings of Fact

1. The plaintiff is a Louisiana corporation domiciled in the City of New Orleans, State of Louisiana.

2. During the year 1933 plaintiff paid cotton floor-stocks taxes under the Agricultural Adjustment Act in the sum of $25,-399.84, which was the full amount then due.

3. On June 17, 1937 plaintiff filed with the Collector of Internal Revenue a timely claim for refund on the prescribed PT Form 76 for the recovery of floor-stocks taxes paid by it in the sum of $20,245.60. This amount represented the floor-stocks taxes paid, less credits then determined on account of refunds made on articles exported and amounts passed on to its vendees, totaling $5,154.24, as shown in Schedule D of the claim. On account of adjustments thereafter made, it is now agreed that the maximum amount recoverable in this action, aside from the merits of the case, is limited to $18,908.98.

4. By letter dated January 12, 1938, plaintiff was advised by the Deputy Commissioner of Internal Revenue that Section 902 of the Revenue Act of 1936, 7 U.S.C.A. § 644, relating to refunds of amounts collected under the Agricultural Adjustment Act, provides that no refund shall be made or allowed of any amount paid as tax under such act unless the claimant establishes to the satisfaction of the Commissioner that he has borne the burden of such amount and has not been relieved thereof nor reimbursed therefor, nor shifted such burden, directly or indirectly, and that an examination of its claim disclosed that no evidence had been submitted with the claim to establish the accuracy of its statement in Schedule D as to the amount of tax burden borne by it. Plaintiff was advised that a statement without the supporting data on which it is based does not constitute evidence which will establish a claim within the meaning of Section 902 of the Revenue Act of 1936, and was informed in detail of the character and nature of the evidence which it was obliged to submit in support of its claim in order to establish its right to refund and was told that action on its claim would be suspended for sixty days to enable it to submit the required evidence.

5. Under date of March 22, 1938, the Deputy Commissioner again wrote plaintiff advising it that the evidence requested in his letter of January 12, 1938, had not been received and that if not furnished within thirty days it would be necessary to proceed with the adjustment of the claim on the basis of the evidence on file.

6. On March 24, 1938, plaintiff replied to the aforesaid letter of January 12, 1938, stating that it was almost a physical impossibility to give the detailed information requested and asked that an investigation

be made of its records by a local agent of the bureau to determine whether or not it was entitled to any refunds.

7. On April 5, 1938, the Deputy Commissioner directed a letter to plaintiff wherein plaintiff was advised that a field investigation of a claim for refund, filed under the provisions of Title VII of the Revenue Act of 1936, 7 U.S.C.A. § 644 et seq., was not contemplated until the claimant had submitted all available facts and figures tending to establish that it bore the burden of the tax, refund of which is claimed, within the meaning of Section 902 of the Act. That it was incumbent upon plaintiff to prepare a true and complete claim and to substantiate by clear and convincing evidence all the facts necessary to establish its claim to the satisfaction of the Commissioner, and that if it was unable to furnish the sales price information outlined in its letter of January 12, 1938, with respect to all of the articles, a partial list would be acceptable, provided such partial list was truly representative of the entire inventory. Plaintiff was granted an extension of thirty days to enable it to prepare and submit the required evidence.

8. No reply to the letter of April 5, 1938, having been received, the Deputy Commissioner wrote again on May 11, 1938, advising plaintiff that the evidence requested had not been received and that if not furnished within thirty days it would be necessary to proceed with the adjustment of its claim on the basis of the evidence on file.

9. On September 22, 1938, the Deputy Commissioner again wrote to plaintiff directing its attention to the fact that the required evidence necessary to support its claim had not been submitted; and plaintiff was advised that unless within thirty days it should submit evidence of the character suggested in the letter dated January 12, 1938, or such other evidence, facts or data, as it believed would substantiate its contention that it bore the burden of the tax, refund of which was claimed, the adjustment of its claim would be based upon the extent to which it met the requirements of Section 902 of the Revenue Act of 1936 and Article 202 of Regulation 96, promulgated pursuant to the provisions of such act.

10. On November 10, 1938, the Commissioner mailed to plaintiff a registered letter calling its attention to the fact that the evidence requested in his letter dated January 12, 1938, and subsequent correspondence had not been submitted as required by Sections 902 and 903 of Title VII of the Revenue Act of 1936 and the provisions of Regulation 96 that "the Commissioner is without authority to favorably consider your claim, and it has been rejected in full."

### Discussion

The present action was instituted on November 9, 1940. The complaint alleges that the floor-stocks taxes were paid by plaintiff; that a claim for refund was timely filed and rejected by the Commissioner, and that plaintiff has borne the burden of the tax sought to be recovered and has not been relieved thereof nor shifted such burden, directly or indirectly, to others. The answer admits the payment of the tax, the filing of the claim and the rejection thereof by the Commissioner, but denies the other allegations contained in the complaint. In its answer the defendant further pleads by way of special defense that this court is without jurisdiction of the matters and things of which petitioner complains and is without jurisdiction to render judgment in favor of petitioner and against the defendant herein for the reason that plaintiff has failed to comply with the requirements of Sections 902 and 903 of the Revenue Act of 1936.

Following the Supreme Court's decision in United States v. Butler et al., supra, Congress authorized, subject to strict conditions and limitations, the refund of taxes paid under the invalidated Agricultural Adjustment Act, Title VII of the Revenue Act of 1936, §§ 902 and 903, 7 U.S.C.A. §§ 644 and 645.

Section 902 of the Revenue Act of 1936, 7 U.S.C.A. § 644, provides that no refund shall be made or allowed of any amount paid as taxes under that chapter unless the claimant establishes to the satisfaction of the Commissioner of Internal Revenue that he bore the burden of such amount and had not been relieved thereof nor reimbursed therefor, nor shifted such burden, directly or indirectly.

Section 903 of the Revenue Act of 1936, 7 U.S.C.A. § 645, provides that no refund shall be made or allowed of any amount paid by or collected from any person as tax under the Agricultural Adjustment Act unless the claim for refund has been filed by such person in accordance with regulations prescribed by the Commissioner and that all evidence relied upon in support of

such claim shall be clearly set forth under oath.

Section 916 of said Act, 7 U.S.C.A. § 658, empowers the Commissioner to prescribe "such rules and regulations as may be deemed necessary to carry out the provisions of this title." Pursuant to this authority the Commissioner promulgated Treasury Regulation 96 prescribing the essentials for a claim for refund under Section 903. The pertinent articles of Regulation 96 are Articles 201 and 202.

Article 201 provides that claims for the refund of tax shall be made on the prescribed form and shall be prepared in accordance with the instructions contained on the forms and in accordance with the provisions of these regulations. Article 202 provides that each claim shall set forth in detail and under oath each ground upon which the refund is claimed and that it is incumbent upon the claimant to prepare a true and complete claim and to substantiate by clear and convincing evidence all of the facts necessary to establish his claim to the satisfaction of the Commissioner and that failure to do so will result in the disallowance of the claim. This article further provides that claimant shall state specific facts in support of any claim for refund and that the claimant is privileged to prove these facts in any manner available to him and to submit such evidence to that end as he may desire.

Paragraph 6 of the instructions contained on PT Form 76 to which compliance is dictated in Article 201 provides: "(a) The claimant shall enter in Column 3 on the face of the claim form the amount of the burden of the floor-stocks tax borne by the claimant and which the claimant has not shifted to other persons within the terms of Section 902(a) of the Act. The facts and evidence, together with exhibits and other data showing the amount of the burden of the tax borne by the claimant and not shifted to other persons, shall be made a part of Schedule D."

The uncontroverted evidence in this case shows that plaintiff filed its claim for refund on the prescribed PT Form 76; that it supplied the facts called for in Schedules A and B; properly left Schedule C in blank, but did not furnish the desired information called for by Schedule D of the form. In Schedule D plaintiff merely stated:

"Our records disclose the following:

| | | |
|---|---|---|
| Amount of Floor-Stock Taxes Paid | | $25,399.84 |
| Refunds as per Schedule "B".. | $3,321.33 | |
| Passed on to our vendees | 1,832.91 | 5,154.24 |
| Amount of Tax Burden Borne By Us | | $20,245.60" |

No other data or information was submitted by plaintiff to establish its claim although the Deputy Commissioner repeatedly requested it to do so.

Conclusions of Law

1. The function of the facts called for by the schedules is to facilitate research and to permit administrative adjustment of claim and the Commissioner was entitled to insist upon compliance with their directions that plaintiff should furnish the desired information. The claim in suit was plainly insufficient and was without evidence of any kind to support the assertion that the tax was borne by plaintiff and not shifted to others. There was not, prior to the rejection thereof a single statement of fact that would have permitted the Commissioner to determine the merits of plaintiff's right to a refund.

2. From the foregoing it is obvious that plaintiff has failed to comply with the requirements of Sections 902 and 903 of the Revenue Act of 1936 and the Treasury Regulations promulgated pursuant thereto, and that the court does not have jurisdiction to entertain the present action. Lee Wilson & Co. v. Commissioner, 8 Cir., 123 F.2d 232; see, also, Lee Wilson & Co. v. Commissioner, 8 Cir., 111 F.2d 313; Landrum v. Commissioner, 8 Cir., 122 F.2d 857; Tennessee Consolidated Coal Co. v. Commissioner, 6 Cir., 117 F.2d 452; Morristown Knitting Mills, Inc. v. United States, Ct.Cl., 42 F.Supp. 817; A. Brandwein & Co. v. United States, D.C., 44 F.Supp. 17.

3. Having failed in the face of repeated warnings to furnish the Commissioner with any evidence whatever to establish its claim, plaintiff was precluded from offering at the trial new facts which it failed to disclose to the Commissioner and which the Commissioner had no opportunity to pass upon. The oral evidence offered by plaintiff at the trial, to which

ruling was reserved, was clearly inadmissible under the authorities. United States v. Felt & Tarrant Manufacturing Co., 283 U.S. 269, 51 S.Ct. 376, 75 L.Ed. 1025; Samara v. United States, 2 Cir., 129 F.2d 594.

4. This court does not have jurisdiction to entertain the present action and the defendant's special defense is therefore sustained and the petition dismissed. The Clerk is instructed to enter judgment accordingly.