**JAUBERT BROS., Inc., v. UNITED STATES.**

**No. 10800.**

Circuit Court of Appeals, Fifth Circuit.

Feb. 28, 1944.

F. Carter Johnson, Jr., of New Orleans, La., for appellant.

Fred J. Neuland and Sewall Key, Sp. Assts. to the Atty. Gen., Samuel O. Clark, Jr., Asst. Atty. Gen., and Herbert W. Christenberry, U. S. Atty., and Henry C. Vosbein, Asst. U. S. Atty., both of New Orleans, La., for appellee.

Before HUTCHESON, HOLMES, and McCORD, Circuit Judges.

HOLMES, Circuit Judge.

Appellant filed with the Commissioner of Internal Revenue a claim for refund of floor-stocks taxes paid by it under the Agricultural Adjustment Act of 1933, 7 U.S.C.A. § 601 et seq. The claim, which was verified under oath by the president of the corporation, alleged that the burden of the tax had been borne by the taxpayer, but no evidence whatsoever was submitted by the claimant to establish the truth of the allegations made.

Upon examination of the claim, and repeatedly for a period of ten months thereafter, the Commissioner advised the claimant by letter that no favorable action could be taken with respect to the claim until the taxpayer submitted sworn evidence that it bore the burden of the tax in the amount of the refund claimed. The claimant made only one response to these letters, stating that it was not reasonably possible to give all the detailed information requested; and no evidence of any kind ever was submitted. The Commissioner finally denied the claim in full on the ground that, since no proof in support of the claim had been submitted, he was without authority to consider and act upon it favorably.

Asserting that a proper claim had been filed with and rejected by the Commissioner, the taxpayer instituted this suit in the court below to compel allowance of the refund. The Commissioner filed a special defense, setting up that no facts whatso-

ever were submitted to him in support of the claim, and contending that by reason thereof the court was without jurisdiction to entertain the suit. Upon the trial all evidence offered by the claimant tending to support the claim was objected to on the ground that claimant was precluded from offering any facts that had not been presented to the Commissioner. The court reserved its ruling upon the objection, and at the conclusion of the trial both the special plea and the objection to the evidence were sustained and the petition was dismissed for lack of jurisdiction. The claimant has appealed.

Section 902 of the Revenue Act of 1936 provides that no refund of any amount paid as tax under the Agricultural Adjustment Act of 1933 shall be allowed, pursuant to court decisions or otherwise, unless the claimant establishes that he paid and bore the ultimate economic burden of the amount sought to be recovered.[1] Section 903 of the Act provides that no such refund shall be allowed unless a claim for refund has been filed with the Commissioner in accordance with regulations prescribed by him, and further requires that all evidence relied upon in support of the claim be clearly set forth under oath.[2]

■ Section 916 of the Act expressly authorizes the Commissioner to prescribe such rules and regulations as are deemed necessary to carry out the provisions of the Act.[3] Acting under this authority, the Commissioner promulgated Article 202 of Treasury Regulations 96, which provides that each claim shall set forth in detail and under oath each ground upon which the refund is claimed; that the claim must be true and complete, and all facts necessary to establish the claim must be substantiated by clear and convincing evidence; and that failure to comply with these requirements will result in disallowance of the claim.

These sections announce the exclusive procedure whereby refunds of taxes paid under the Agricultural Adjustment Act of 1933 may be secured.[4]

■ The Congress has undoubted power to prescribe such conditions and restrictions as it deems proper upon suits against the sovereign for taxes illegally collected, and may require strict compliance therewith.[5] These statutes, and lawful regulations expressly authorized by and having the force and effect of statutes, when construed in the light of the admitted fact that this claimant did not supply the Commissioner with any proof whatsoever in support of his claim for refund, compel the conclusion reached by the court below. The submission to the Commissioner of a complete claim, substantiated by all facts relied upon, is made a condition precedent to a favorable consideration of the claim.[6] Unless and until such a proper claim is filed with the Commissioner and is acted upon by him, the district court is powerless to hear any evidence not presented with the claim, and cannot award to the claimant any refund.[7]

The judgment is affirmed.

HUTCHESON, Circuit Judge.

While I agree with the view the opinion expresses that in view of the complete failure of the appellant to present evidence to the commissioner in support of its claim, judgment should have gone against it on the merits, I cannot agree that the district judge was right in dismissing the claim for want of jurisdiction, and that his judgment should be affirmed. On the contrary, his judgment dismissing the cause for want of jurisdiction* should be reversed and the cause should be remanded with directions to enter judgment against appellant and for the United States on its claim.

[1] 49 Stat. 1648, 7 U.S.C.A. § 644.
[2] 7 U.S.C.A. § 645.
[3] 7 U.S.C.A. § 658.
[4] Anniston Mfg. Co. v. Davis, 301 U.S. 337, 57 S.Ct. 816, 81 L.Ed. 1143; Commissioner v. Webre Steib Co., 5 Cir., 140 F.2d 768.
[5] United States v. Memphis Cotton Oil Co., 282 U.S. 62, 53 S.Ct. 278, 77 L.Ed. 619; United States v. Felt & Tarrant Co., 283 U.S. 269, 51 S.Ct. 376, 75 L.Ed. 1025; United States v. Andrews, 302 U.S. 517, 58 S.Ct. 315, 82 L.Ed. 398.
[6] United States v. Felt & Tarrant Co., supra; Lee Wilson & Co. v. Commissioner, 8 Cir., 111 F.2d 313; Id., 8 Cir., 123 F.2d 232; Samara v. United States, 2 Cir., 129 F.2d 594; Weiss v. United States, 7 Cir., 135 F.2d 889.
[7] United States v. Felt & Tarrant Co.; supra; Tennessee Consolidated Coal Co. v. Commissioner, 6 Cir., 117 F.2d 452; Landrum v. Commissioner, 8 Cir., 122 F.2d 857; Lee Wilson & Co. v. Commissioner, supra.
* Samara v. United States, 2 Cir., 129 F.2d 594; Bethlehem Baking Co. v. United States, 3 Cir., 129 F.2d 490.