**NEW YORK HANDKERCHIEF MFG. CO.**
**v. UNITED STATES.**

No. 8335.

Circuit Court of Appeals, Seventh Circuit.

April 25, 1944.

Lewis F. Jacobson, Sidney C. Nierman, and David Silbert, all of Chicago, Ill., Kenneth Carroad, of New York City, and Jacobson, Merrick, Nierman & Silbert, of Chicago, Ill. (Bessie R. Dreyer, of New York City, on the brief), for appellant.

J. Albert Woll, U. S. Atty., of Chicago, Ill., Samuel O. Clark, Jr., and Homer Miller, Asst. Attys. Gen., Sewall Key, A. F. Prescott, and Ruppert Bingham, Sp. Assts. to the Atty. Gen., and J. Albert Woll, U. S. Atty., and John B. Stephan, Asst. U. S. Atty., both of Chicago, Ill., for appellee.

Before SPARKS, MAJOR, and KERNER, Circuit Judges.

KERNER, Circuit Judge.

This is an appeal from a judgment dismissing plaintiff's complaint, and involves the question whether that which was submitted by the plaintiff to the Commissioner of Internal Revenue in support of its claim for refund of floor stocks taxes paid under the Agricultural Adjustment Act of 1933, 7 U.S.C.A. § 601 et seq., complied sufficiently with § 903 of the Revenue Act of 1936, c. 690, 49 Stat. 1747, 7 U.S.C.A. § 645.

Pursuant to Title VII of the Revenue Act of 1936, §§ 902–905, 7 U.S.C.A. §§ 644–647, the plaintiff filed its complaint for the refund of $3,654.30 paid on cotton floor stocks held by it for sale on August 1, 1933, the effective date of the taxing statute. After alleging facts essential to the court's jurisdiction, the complaint asserted that the plaintiff bore the burden of the floor stocks taxes and had not been relieved thereof, nor reimbursed therefor, nor shifted such burden, directly or indirectly.

Defendant moved to dismiss the complaint on the ground that no evidence in support of the claim had been submitted to the commissioner.

Section 902 of the Act in substance provides that no refund shall be allowed unless the claimant establishes that he bore the burden of the amount paid as tax and has not been relieved thereof, nor reimbursed therefor, nor shifted such burden (1) through the inclusion of the amount in the price of the product, (2) through the reduction of the price paid for the raw materials, or (3) in any manner whatsoever. Section 903 provides that no such refund shall be allowed unless a claim for

refund has been filed with the commissioner in accordance with regulations prescribed by him, and requires that all evidence relied upon in support of the claim be clearly set forth under oath.

The commissioner, pursuant to the powers granted by § 916 of the Act, 7 U.S.C.A. § 658, promulgated Article 202 of Treasury Regulations 96, which provides that the claim must be complete and that all facts necessary to establish the claim must be substantiated by clear and convincing evidence.

On a form prescribed by the commissioner, plaintiff filed its claim under oath, in which it declared that the claimant bore the full burden of these floor stocks taxes and alleged that for several months prior to the imposition of the tax, claimant had established sales prices for the sale of its merchandise, and that after the imposition of the tax, no change was made in these established sales prices, nor in the quality of the merchandise. February 1, 1940, the commissioner notified plaintiff that an examination of the claim disclosed that sufficient evidence had not been submitted to establish that plaintiff bore the burden of the tax for which it claimed refund, and in this letter suggestions were made as to evidence that might be submitted in support of the claim. April 13, 1940, plaintiff advised the commissioner that the records requested had been destroyed. May 4, 1940, the commissioner wrote plaintiff "since you have failed to establish that the burden of the tax was borne by you, your claim is hereby rejected in full."

Plaintiff earnestly contends that its claim for refund complied with § 903 and the relevant articles of Regulations 96. The argument is that the statute and the regulations do not require plaintiff to submit any evidence and Bethlehem Baking Co. v. United States, 3 Cir., 129 F.2d 490; Paul Jones & Co. v. Lucas, D.C., 33 F.2d 907; and Snead v. Elmore, 5 Cir., 59 F.2d 312, are cited.

Since the regulations, addressed to and reasonably adapted to the enforcement of Title VII of the Revenue Act of 1936, are not in conflict with the expressed provisions of the Act, they have the force and effect of law, Fawcus Machine Co. v. United States, 282 U.S. 375, 51 S.Ct. 144, 75 L.Ed. 397, and it is well settled that Congress has power to prescribe such con-

ditions and restrictions as it deems proper upon suits against the United States for taxes illegally collected, and that these conditions and restrictions must be strictly complied with. Cheatham v. United States, 92 U.S. 85, 23 L.Ed. 561; United States v. Memphis Cotton Oil Co., 288 U.S. 62, 53 S.Ct. 278, 77 L.Ed. 619; United States v. Felt & Tarrant Mfg. Co., 283 U.S. 269, 51 S.Ct. 376, 75 L.Ed. 1025; and United States v. Andrews, 302 U.S. 517, 58 S.Ct. 315, 82 L.Ed. 398.

Our case is different from the cases cited by the plaintiff. In the Bethlehem case evidence (an analysis of costs for periods prior to and subsequent to the effective date of the tax and for periods during which the taxes were in effect) was presented to the commissioner. He rejected the claim because he was of the opinion that the evidence was "inadequate," but the court recognized that a claimant who had furnished evidence to the commissioner, could at the trial introduce additional evidence. In the Paul Jones and Snead cases, the regulations did not require that the evidence on which the claimants relied be presented to the commissioner.

We have already observed that a claim submitted to the commissioner under the statute and regulations must be substantiated by evidence. This requirement, we think, was to enable the commissioner to ascertain and consider the facts upon which a refund is sought. Weiss v. United States, 7 Cir., 135 F.2d 889. In the instant case, plaintiff failed to present evidence to the commissioner in support of its claim, since the claim contained no evidence from which the commissioner could ascertain whether the claimant did or did not bear the burden of the tax. Under such circumstances there was no error in dismissing plaintiff's complaint. Lee Wilson & Co. v. Commissioner, 8 Cir., 111 F.2d 313; Id., 8 Cir., 123 F.2d 232; Landrum v. Commissioner, 8 Cir., 122 F.2d 857; and Jaubert Bros. v. United States, 5 Cir., 141 F.2d 206. Cf. Bethlehem Baking Co. v. United States, 3 Cir., 129 F.2d 490.

We have not discussed the question whether plaintiff's action was timely commenced for the reason that upon oral argument defendant's counsel frankly stated that he was of the opinion that that point —raised in the brief—was without merit.

The judgment is affirmed.