18TH STREET LEADER STORES, Inc., v. UNITED STATES.

No. 8344.

Circuit Court of Appeals, Seventh Circuit.

May 3, 1944.

Otto Oplatka, of Berwyn, Ill., Kenneth Carroad, of New York City, and Oplatka, Pavek & Oplatka, of Berwyn, Ill. (Bessie R. Dreyer, and Clifford H. Rich, both of New York City, on the brief), for appellant.

J. Albert Woll, U. S. Atty., of Chicago, Ill., and Samuel O. Clark, Jr., Sewall Key, and Homer Miller, Asst. Attys. Gen., A. F. Prescott and Fred J. Neuland, Sp. Assts. to the Atty. Gen., and John B. Stephan, Asst. U. S. Atty., of Chicago, Ill., for appellee.

Before SPARKS, MAJOR, and KERNER, Circuit Judges.

SPARKS, Circuit Judge.

This appeal, like that in New York Handkerchief Co. v. United States, 7 Cir., 142 F.2d 111, is from a judgment dismissing the complaint in an action to recover floor stock taxes paid under the Agricultural Adjustment Act of 1933. The refund was denied in this case on the ground that the claim was a duplicate of an earlier one filed by the same claimant and that Article 302 of Regulations 96, promulgated pursuant to § 903 of the Revenue Act of 1936, permitted only one claim to be filed by any person for refund of floor stock taxes, and also that it was barred by the statute of limitations as provided by § 3774 of the Internal Revenue Code, 26 U.S.C.A. Int.Rev.Code § 3774.

Claim was filed for refund on December 9, 1936, and, to satisfy the requirement of § 903 of the Act, 7 U.S.C.A. § 645, that "all evidence relied upon in support of such claim shall be clearly set forth under oath," appellant set forth the following:

"The burden of the Floor tax was borne by the claimant and not shifted to others in the amount, as set forth on the previous schedules, of $2,218.32.

"The following evidence is submitted:

"For the fiscal year ended January 31, 1934 gross profits on sales were 30.42%; whereas, for the fiscal year ended January 31, 1935 the gross profits were 30.33%.

"Further it is our contention that we did not increase the selling price of the merchandise on those items wherein the floor stocks tax was paid."

After receipt of the claim, the commissioner sent five letters to the claimant advising it of the insufficiency of the claim as filed, and stating that action on the claim would be suspended to enable the claimant to submit the required evidence. The third letter, in reply to one from the claimant requesting that a revenue agent be assigned to investigate the claim, stated that no field investigation was conducted until the claimant had submitted all available facts and figures tending to establish that he bore the burden of the tax. When no further evidence was submitted in response to these letters, the commissioner, on May 17, 1938, notified the claimant of the rejection of the claim on the ground that he was without authority to consider it favorably in the absence of evidence sufficient to establish that it had borne the burden of the tax for which the refund was requested.

On December 31, 1939, appellant filed a new claim for refund of the same taxes claimed December 9, 1936. In support of this second claim, it attached a letter from its president stating under oath that the tax had been borne by it and not shifted to others, and that it maintained books of account which reflected the true operation of the business. It also attached the affidavits of three employees to the effect that they had been in the employ of the claimant for varying periods of time and that each knew of his or her own knowledge that the sales prices to the customers of the claimant of merchandise of cotton content had not been increased subsequent to August 1, 1933, and that, therefore, to the best of his or her knowledge and belief, the processing tax had been borne by the claimant and not shifted to the vendee. This claim was rejected by the commissioner on the grounds stated above, duplicity and limitations.

In its complaint filed in the District Court, appellant alleged the filing of the claim of December 31, 1939, and its rejection by the commissioner. Appellee moved to dismiss on the ground that the court was without jurisdiction to hear and determine the merits for the reasons that appellant had not filed a proper claim for refund nor submitted any evidence to the commissioner to prove that it bore the burden of the taxes and had not been relieved thereof, and further that the complaint was filed by appellant more than two years after the date of mailing of notice of disallowance of the claim by the commissioner.

It is clear that under the decisions of this court in Weiss v. United States, 7 Cir., 135 F.2d 889, and New York Handkerchief Co. v. United States, 7 Cir., 142 F.2d 111, and also Samara v. United States, 2 Cir., 129 F.2d 594, and Jaubert Bros. v. United States, 5 Cir., 141 F.2d 206, both claims filed by appellant were wholly inadequate and insufficient to furnish the basis for

the allowance of refund by the commissioner. There was therefore, no error in their rejection on that ground, as contended by appellee in its motion to dismiss. The second claim, however, the one upon which suit was filed, was rejected, not for insufficiency, but because it was a duplicate which the commissioner refused to consider, and also because after expiration of the statute of limitations for filing suits on claims of this character prescribed by § 904 of the Act of 1936, 7 U. S.C.A. § 646, two years after the mailing of notice of disallowance by the commissioner, the action on the claim filed December 9, 1936, became final, and refund was barred by the provisions of § 3774 of the Internal Revenue Code.

Appellee contends, we think rightly, that the question presented by this appeal is whether a taxpayer who has had one claim for refund rejected can enlarge its time for instituting an action in the District Court by filing a new claim for the same amount and upon the same grounds as asserted in the previous claim. Appellant seeks an affirmative answer to this question on the ground that it is within the power of the taxpayer to abandon a claim wholly rejected and start proceedings anew by the filing of a new claim, and that so long as the statute of limitations has not run on the filing of claims there is no bar to the number of claims which can be filed for the same fund, and since the bar of the statute begins to run only after the mailing of the notice of disallowance, its suit was timely filed.

Except for the limitation imposed by the Treasury Regulations 96, the applicability of which appellant denies, that only one claim shall be filed by any person for refund of floor stocks taxes, it appears that there is no limit upon the number of refund claims which may be filed within the statutory period applicable to the filing of claims, and that a defective claim may be corrected by the filing of a new one complying with the requirements. Cf. Mertens, Law of Federal Income Taxation, Vol. 10, § 58.24, as to the right to file successive refund claims in income tax cases. Generally, when new grounds or facts are discovered, entitling the taxpayer to refunds greater in amount than originally claimed, or furnishing further proofs of the original claim, they may be set up in the new claim. However, this is not to say that a new claim, based on the same grounds as a prior rejected claim, will operate to enlarge the limitation period which has started to run on the rejection of an earlier claim. As stated in Mertens, supra, "Thus the taxpayer may not keep his claim 'fresh indefinitely' by merely repeating it."

The same conclusion was reached in Einson-Freeman Co. v. Corwin, 2 Cir., 112 F.2d 683, 684 (certiorari denied, 311 U.S. 693, 61 S.Ct. 75, 85 L.Ed. 449), where refund of a manufacturers' excise tax was sought under circumstances similar to those here involved. The court there said, "Under the Revenue Act the filing of a claim for refund * * * with the commissioner is a condition precedent to the maintenance of suit to recover taxes paid, and the two-year period for commencing suit starts to run when the commissioner mails notice of disallowance to the taxpayer. That is the moment when the taxpayer's cause of action accrues. So in this case the plaintiff's right to bring an action was complete on August 13, 1935, when the commissioner mailed notice of disallowance of the first claim * * * and the two-year period expired on August 13, 1937. The thought that the period may be extended or the running of the time interrupted by filing a second claim for refund based on one of the grounds covered by the first claim and already disallowed cannot be countenanced. Such a result would put it in the power of a taxpayer to enlarge the time set by statute for commencing suit and would be a departure from settled rules applicable to statutes of limitations. If a person has a cause of action which accrues on demand, he may not prolong the period for bringing suit by making a second or third demand."

We cannot agree with the contention of appellant that the presentation of the subject matter of the second claim was so different as to constitute new grounds for the claim and thus start the running of the statute anew from the date of mailing of the notice of disallowance of it. The only difference between the "evidence" set up in support of the claims was that whereas the first asserted a decrease of .09 of 1% in the gross profits as indicating that the tax had not been shifted to others, the second offered a letter from the president stating under oath that the tax had been borne by the taxpayer and not shifted to others and that it maintained books of account which reflected the true

operations of the business, and it also attached the affidavits of three employees, differing only in the names and dates of employment. None disclosed the nature of their employment or any reason why they might be expected to have accurate knowledge of the single fact to which they testified, "that the sales price to the customers * * * of merchandise of cotton content was not increased subsequent to August 1, 1933," upon which was based their assertion "that therefore, to the best of * * * knowledge and belief, processing tax was borne by * * * in its entirety and was not shifted or passed on to the vendee." Such a showing does not, as appellant contends, state a new ground for the refund claimed, but it merely states the conclusion of four more persons in support of the ground urged in the original claim, and without stating any more evidence than in the original upon which that conclusion was based. Thus the second claim did not raise any new issue, and, as in the case of B. Altman & Co. v. United States, 40 F.2d 781, 784, 69 Ct.Cl. 721 (certiorari denied 282 U. S. 863, 51 S.Ct. 36, 75 L.Ed. 763), "could not by any possibility occasion a reopening of plaintiff's tax liability * * *."

There was no error in the action of the District Court in dismissing the complaint of appellant, and the judgment is, accordingly, affirmed.